[No. 13927.   Department Two.— March 28, 1891.]

# PHILLIP KLOSE, RESPONDENT, v. WILLIAM HIL-LENBRAND ET AL., APPELLANTS.

FRAUD — WEAKNESS OF MIND — SETTING ASIDE CONVEYANCE — TESTAMEN-TARY DEED — UNAUTHORIZED DELIVERY. — A conveyance will be set aside as having been procured by fraud and artifice, when the grantor was, at the time of the conveyance, advanced in years and of great weak-ness of mind, though not amounting to disqualification, and made the deed without adequate consideration or independent advice, and under the influence of deceptive advice of a relative of the grantee, and did not intend it to be delivered to the grantee until after his death, and the grantee obtained possession of it and recorded it fraudulently without any authorized delivery.

ID. — CONDITIONAL DELIVERY OF DEED — FRAUDULENT DELIVERY FOR REC-ORD — PLEADING — FINDINGS. — The complaint and findings showing that the deed was conditionally delivered to a relative of the grantee, who intentionally deceived the grantor for the purpose of procuring the deed, and that the grantee took possession of the deed from the hands of such relative, and caused the same to be recorded by him as though the same had been delivered by the grantor, when in truth and in fact the deed had never been delivered to the grantee, do not show any authorized or effective delivery to the grantee, but a possession and recording of the deed fraudulently obtained and made.

APPEAL from a judgment of the Superior Court of the city and county of San Francisco, and from an order denying a motion for a new trial.

The facts are stated in the opinion.

*Bishop & Watt, John H. Durst, T. C. Coogan,* and *W. W. Foote,* for Appellants.

Advanced age or sickness or weakness of mind, whether produced by sickness or old age, is not suffi-cient ground for setting aside a deed. (2 Pomeroy's Eq. Jur., sec. 947; *Willeman* v. *Dunn,* 93 Ill. 516; *Mallory* v. *Ingalls,* 4 Neb. 118; *Mann* v. *Betterly,* 21 Vt. 330; Adams's Equity, 183; *Blatchford* v. *Christian,* 1 Knapp, 73; *Nace* v. *Boyer,* 30 Pa. St. 110; *Beverly* v. *Walden,* 20 Gratt. 163.) No solicitations or use of influence properly gained for a selfish purpose can constitute un-

due influence, if free agency is not overcome. (*Howe* v. *Howe*, 99 Mass. 99; *Stone* v. *Wilbern*, 83 Ill. 109; *Frost* v. *Dingler*, 118 Pa. St. 253; *Nace* v. *Boyer*, 30 Pa. St. 113.) That the act was improvident or unwise is no ground of relief. (*Nace* v. *Boyer*, 30 Pa. St. 365; *Green* v. *Thompson*, 2 Ired. Eq. 365.) Where the conveyance is from a parent to a child, it is *prima facie* a natural provision for the child, and is not presumptively invalid. (2 Pomeroy's Eq. Jur., sec. 962, p. 496; 1 Story's Eq. Jur., sec. 309.) The deed was effectually delivered, and passed title. (*Mowry* v. *Heney*, 86 Cal. 471.)

*Otto tum Suden*, and *Haskell & Meyer*, for Respondent.

Under such circumstances as appear in this case, imposition and undue influence is inferred, and the conveyance will be set aside. (*Moore* v. *Moore*, 56 Cal. 89; *Taylor* v. *Taylor*, 8 How. 184; *Allore* v. *Jewell*, 94 U. S. 506; *Brison* v. *Brison*, 75 Cal. 525; 7 Am. St. Rep. 189; 1 Story's Eq. Jur., secs. 258 et seq., 307, 314; *Rubidoex* v. *Parks*, 48 Cal. 215; *Kisling* v. *Shaw*, 33 Cal. 425; 91 Am. Dec. 644; Civ. Code, secs. 1572, 1573.) The question of delivery is one of intention, which has been properly passed upon by the trial court. (*Hibberd* v. *Smith*, 67 Cal. 547; •56 Am. Rep. 726; *Fresno Land Co.* v. *McCarthy*, 59 Cal. 309; *Bank of Healdsburg* v. *Bailhache*, 65 Cal. 327.) There was an advantage taken of a fiduciary relation between Schmitz and the plaintiff, and the presumption is against the validity of the transaction. (*Nesbit* v. *Lockman*, 34 N. Y. 170; *Parfitt* v. *Lawless*, 4 Eng. 692; *Rhodes* v. *Bate*, L. R. 1 Ch. App. Cas. 252, 257; 1 Story's Eq. Jur., sec. 307; 2 Pomeroy's Eq. Jur., sec. 956.)

Foote, C. — The plaintiff, Klose, had judgment in this action that a certain deed of conveyance to a one-half interest in certain real property situate in San Francisco, from him to one William Hillenbrand, of date the 25th of April, 1888, was procured by fraud and artifice; that it was null and void, and conveyed no in-

terest of Klose to the property therein described; and that ever since that date the plaintiff has been and now is the owner of and entitled to the possession of an undivided one-half part or share of the lot of land described in the deed, with the improvements thereon.    And further, that a conveyance from William Hillenbrand of the same property, by deed executed on the 21st of January, 1889, to his wife, Anna Hillenbrand, was executed in fraud of the rights of the plaintiff, and is null and void.    It was further ordered and adjudged that the plaintiff be let into the quiet possession, occupation, and enjoyment of the undivided one-half part or share of the lot of land and premises described in the judgment, and that the plaintiff recover his costs.    From that judgment and an order denying a new trial this appeal is taken.

It appears from the evidence on behalf of the plaintiff, that he was, at the time he signed and acknowledged the deed to William Hillenbrand, a person advanced in years, and of great weakness of mind, although not amounting to disqualification; that he made the deed without adequate consideration, and without independent advice; that he was induced to make that instrument by an imposition practiced upon him on the part of Dr. Schmitz, the father of Anna Hillenbrand, who was the plaintiff's attending physician, in this, that Klose was informed by the doctor that he was dangerously sick, and that it would be better, in order not to retard the building of a house on the lot conveyed, which was then being erected by William Hillenbrand and Klose, jointly, that he, Klose, should execute a deed to Hillenbrand, of Klose's interest in the property, but that this instrument should have included in it a clause that it was not to go into effect unless Klose should die from his then illness, and should not be delivered or go into effect until after his death from such illness.    But without any authority from Klose, after Schmitz had obtained the deed in this way, Hillenbrand got possession of it, and placed it upon record.

After Klose found this out, he was uneasy, and asked to look at it, so that he could have it examined by a friend, presumably to see if his wishes had been carried out as promised. He was put off, however, from time to time, by the promises of Hillenbrand to deal fairly with him, and in good faith carry out the original design as understood by Klose, viz., that if he got well from the illness for which the father of Mrs. Hillenbrand was treating him, the deed should be destroyed.

But so far from drawing the deed as he agreed to do, or delivering it as he promised, the physician of Klose violated both his agreements, with the knowledge and connivance of Hillenbrand and wife. The deceived and confiding old man brought this action after he found that, so far from keeping the promises made to him, these parties, bent on preserving their unjust advantage, had fully consummated it, as they supposed, by Hillenbrand conveying the property to his wife.

It is first contended for the appellants that the evidence is insufficient to support the findings. We think that which was introduced by the plaintiff is ample for that purpose.

It is next contended that the complaint does not allege that the deed was to contain a clause that it was not to go into effect unless the plaintiff died from his then illness, but the pleading only alleges that the clause was to be to the effect that the deed was not to go into effect until after the death of Klose, without reference to whether he died from his then illness or not; that therefore the evidence and findings are conflicting with the case made in the complaint. A careful examination of the pleading in question does not bear out this contention. It is manifest from the whole language employed, although the same is not couched in the clearest terms for that purpose, that the pleading as to that matter conforms to the findings and evidence.

It is alleged in the complaint, and found to be a fact

by the finding, "that said William Hillenbrand at once took possession of said deed from the hands of said Schmitz (the doctor), and caused the same to be recorded by said Schmitz in the office of the county recorder of the city and county of San Francisco, as though the same had been delivered to him by this plaintiff, when, in truth and in fact, the said deed has never been delivered to said Hillenbrand."

The argument made in this connection by the appellants, for a reversal of the judgment and order, seems to be that this finding shows that the deed was delivered by Schmitz, and that as he had the power confided to him to deliver it conditionally, that although he used this power by violating his promise to the plaintiff, yet it was a legal delivery, and hence the finding that there was no delivery conflicts with the fact, which states that delivery was given by the possession taken by Hillenbrand from Schmitz. In other words, although Schmitz violated his promise not to deliver, yet this did not affect the delivery so far as Hillenbrand was concerned.

We cannot conceive how such an act can accomplish the legal result claimed. (*Brison* v. *Brison*, 75 Cal. 527; 7 Am. St. Rep. 189; Civ. Code, sec. 1572.) The allegation of the pleading and the finding show no authorized delivery to Hillenbrand, but a possession and a recording of the deed fraudulently obtained and made.

But if we were to concede the specific points made by the appellants involving the pleadings and findings as being well taken, the judgment and order should not be reversed, as the pleadings, findings, and evidence all show this much at the very least, viz., that Klose made a deed that he did not intend to make; that he was old, sick, and of impaired intellect; that the instrument was made without any adequate consideration and without independent advice, but, to the contrary, by intended and deceptive advice; and that he would have moved to set it aside in seasonable time but for the promises

made him by William Hillenbrand; and that as soon as he unwillingly discovered that he had been deceived by those he had reason most to trust, he sought through the courts to obtain redress.

Under this state of facts, as we understand the rule in such cases, laid down in *Richards* v. *Donner,* 72 Cal. 210, 211, it would seem that no prejudicial error has been committed, and that the judgment and order should be affirmed.

VANCLIEF, C., and BELCHER, C., concurred.

The COURT. — For the reasons given in the foregoing opinion, the judgment and order are affirmed.

Hearing in Bank denied.