[S. F. No. 1944. Department One. — November 18, 1901.]

JOHN MACDONALD, Appellant, v. WILLIAM P. COOL et al., Respondents.

MORTGAGE — DEED OF THIRD PARTY PROCURED BY FRAUD OF DEBTOR — SE-CURITY FOR PRE-EXISTING DEBT — INNOCENT CREDITOR NOT PROTECTED. — An innocent creditor, who, without knowledge of the fraud of his debtor, accepts as security for a pre-existing debt a deed fraudulently procured by his debtor to be made from a third party to the creditor, under an agreement by the debtor that he was to secure a loan thereon from the creditor for the use of such third party, and was to return the deed or a reconveyance if the loan was not obtained and delivered to the third party within a time specified, has suffered no loss by reason of the deed, and cannot enforce it as a mortgage for the pre-existing debt of his debtor against the third party.

ID. — AGENCY DEFINED IN RECEIPT — OSTENSIBLE AGENCY. — The agency of the debtor for such third party having been specifically defined in the receipt for the deed, the creditor cannot rely upon any ostensible agency by reason of the delivery of the deed to his debtor, but if dealing with the debtor as an agent of such third party, was put upon inquiry as to the terms of the agency.

ID. — INAPPLICABLE MAXIM — LOSS OF ONE OF TWO INNOCENT PARTIES. — The maxim that where one of two innocent parties must suffer loss, it is to be borne by the one whose fault or neglect occasioned the loss, cannot apply where no loss was occasioned to the other party by such fault or neglect.

ID. — MISTAKE BETWEEN INNOCENT PARTIES — CONSIDERATION. — The deed fraudulently procured by the debtor from the third party to the creditor was, as between the innocent parties, an entire mistake, which vitiates it as a mortgage as between them for the pre-existing debt of the debtor to the creditor; and the question is not whether there was such consideration as would support a contract.

APPEAL from a judgment of the Superior Court of Santa Cruz County. A. S. Kittredge, Judge.

The facts are stated in the opinion of the court.

Reel B. Terry, for Appellant.

H. W. Hutton, for Respondents.

TEMPLE, J. — This is an action to have a deed, absolute on its face, declared to be a mortgage, and to foreclose the same. It appears from the findings, which are supported by the evi-

dence, that plaintiff, in 1897, was a money-lender in San Fran-
cisco, and that the defendant J. F. Turner was indebted to
him in the sum of seven hundred dollars, for which plaintiff
held two promissory notes executed by said Turner, and cer-
tain collaterals as security.  Plaintiff was dissatisfied with his
security, and Turner desired more money.  Turner then, as
plaintiff testified, suggested that he owned a tract of land which
was standing in the name of Mrs. Cool, and said he would
cause a deed to be made to Mr. Macdonald by Mr. and Mrs.
Cool, and thereupon would seek further credit.  As a matter
of fact, Mr. Turner was not the owner of any interest in the
land, but he knew that Mrs. Cool desired to secure a loan of
six hundred dollars upon it, and therefore represented to her
that Mr. Macdonald would loan the money to her upon the
land, and advised her to deed the land to Macdonald, who
would hold it as security.  Mr. and Mrs. Cool made the deed
as suggested, and handed it to Turner, who gave for it the fol-
lowing receipt: —

"SAN FRANCISCO, March 4th, 1897.

"Received from Dr. W. P. Cool, deed of lots 5, 11, 12, 13, and
14 of township 10 south, range 2 east, section 9, Mount Diablo
meridian, containing $171\frac{55}{100}$ acres.  Said deed to be placed in
my hands for the purpose of obtaining at least $600.00, which
said sum is to be obtained on or before Monday, March 8th,
and delivered to said W. P. Cool, or said deed is to be returned
to said W. P. Cool, unrecorded or reconveyed, clear and free of
all encumbrances, without any expense to said W. P. Cool."

"(Signed)                              J. F. TURNER."

Turner took the deed to Macdonald, but did not disclose to
him the purpose for which Mrs. Cool had intrusted it to him.
Macdonald, supposing the property belonged to Turner, and
that the deed was intended to secure Turner's indebtedness to
him, and for further advances, called upon Dr. Cool and asked
him in regard to the value of the property.  Dr. Cool, suppos-
ing the inquiries had reference to the expected loan to Mrs.
Cool, assured Macdonald that the property was worth three
thousand dollars.  Mr. Macdonald then advanced to Turner
$120 above his previous indebtedness, and agreed to extend
the time of payment of the prior indebtedness for sixty days.
This was in consideration of the new security furnished by the
deed.  The additional loan of $120 had been repaid before the

commencement of this action. The questions have reference, therefore, only to the indebtedness which had accrued before the deed was executed.

It is contended by the appellant that Mrs. Cool made Turner her agent, and is bound by his acts within the scope of his agency, although his conduct was contrary to some undisclosed intention on the part of the principal. It is also contended that there was an undefined ostensible agency created by merely intrusting the deed to Turner.

The agency, if such there was, is defined in the receipt, and if Macdonald was dealing with Turner as the agent of Mrs. Cool, he should have ascertained the extent of the agency. I see no ground whatever for holding that there was an ostensible agency for any specific purpose. The delivery of the deed to Macdonald was well calculated to impress Macdonald with the truth of Turner's representation that the property belonged to him (Turner), and I have no doubt that is the precise effect it did have. Macdonald did not treat with Turner as the agent of Mrs. Cool, although he did in fact have authority from her to deliver the deed to Macdonald for a specified purpose.

The only basis upon which Macdonald would have any plausible ground for a recovery is, as it seems to me, upon the principle that where one of two innocent parties must suffer loss, it should be put upon him by whose fault or negligence the loss has been occasioned.

That it was negligence for Mrs. Cool to intrust the deed to Turner may be admitted, or whether there was negligence or not, her act in so trusting Turner occasioned the loss, if in consequence of the transaction loss accrued to Macdonald. But it does not appear that the delivery of the deed has occasioned any loss. The deed was received to secure a pre-existing debt. Macdonald did not, in consequence, surrender any collateral held by him, and it does not appear that he could have collected anything from Turner; or if he could have done so, that he forbore or was prevented by accepting the deed. As between himself and Mrs. Cool, the whole thing was a mistake, and the question is not whether there was such consideration as would support a contract.

Mrs. Cool testified that she did frequently apply to Turner to know why he did not give her the money which she supposed he had got or would get from Macdonald, and that he accounted

for delay in getting the money in one way or another. She did not know or suspect that a fraudulent use had been made of the deed until Macdonald made demand for the money due him from Turner.

The judgment and order are affirmed.

McFarland, J., and Henshaw, J., concurred.