[Civ. No. 5445.   Second Appellate District, Division One.—June 14, 1928.]

MARY V. KE'ELE, etc., Respondent, v. EUGENE CLOU-SER et al., Appellants.

William A. Spill for Appellants.

Simpson & Simpson and Leon U. Everhart for Respondent.

SHAW, J., *pro tem.*—This is an appeal by the defendants Clouser, hereinafter referred to simply as the defendants, from a judgment in favor of plaintiff. ■ The first point made in support of the appeal is that the court erred in overruling their demurrer to the complaint. The complaint alleges that the plaintiff and the defendants on November 3, 1920, entered into a contract by which plaintiff agreed to sell and defendants agreed to buy a parcel of real property, defendants agreeing to pay the price in monthly installments; that the contract contained a provision making time of its essence; that defendants on and since March 3, 1925, have defaulted in payment of monthly installments of the price, "amounting at this time to the sum of $175.00"; that on June 26, 1925, plaintiff notified them of their default and that if the amount then due, $140, was not paid in three days, she would elect to declare the contract forfeited; and that on July 1, 1925, the plaintiff further notified the defendants that she declared the contract forfeited and canceled by reason of their said default. The complaint further alleges that the defendants have denied any liability under the contract and asserted title and ownership of the property in themselves; that "ever since July 1, 1925, plaintiff has been and now is the owner and entitled to the possession of said premises; that the defendants ever since said date have been and now are unlawfully withholding from plaintiff the possession of said premises"; that the value of the rents and profits is $40 per month, and plaintiff has been deprived thereof since July 1, 1925, by the detention of the property by defendants. The prayer is for a decree declaring a forfeiture of the contract and quieting plaintiff's title to the property, for possession of the premises and for $340 damages for the withholding thereof. This complaint is entitled in its caption, "Complaint—Unlawful Detainer," and defendants' first objection

to it is that a vendor of land cannot maintain an unlawful detainer proceeding against his vendee on account of the latter's default in payment of the price. This is no doubt true, but to determine the nature of the complaint we look not so much at its caption as at its allegations, and from the latter it clearly appears that this complaint is not one in unlawful detainer. It states a cause of action to quiet title to real property and to recover possession thereof with damages for the withholding, and also a cause of action to foreclose defendants' rights under the contract of sale. The general demurrer was therefore properly overruled.

Further grounds of the demurrer are that the complaint is ambiguous and uncertain because it does not disclose upon which of the above-mentioned causes of action it is based, and that these several causes of action are improperly united. There is nothing in the claim of uncertainty. It is clear from the complaint that the plaintiff intends to assert all of the causes of action stated therein.

The demand for relief by way of a declaration of the forfeiture of the contract is merely an incident to the cause of action to quiet title and may be joined with it. (*Bishop* v. *Barndt*, 43 Cal. App. 149 [184 Pac. 901].) Relief by way of recovery of possession is also incidental to an execution issued on a judgment quieting title to real property in favor of a plaintiff who is out of possession. (Code Civ. Proc., sec. 380.) Consequently an action to quiet title to real property, brought by one who alleges that he is out of possession, is in effect an action to recover possession of the property, and in an action of the latter character a recovery of damages for the withholding of the property may also be sought. (Code Civ. Proc., sec. 427, subd. 2.) We think all of the various kinds of relief sought by the plaintiff may be obtained in a single action, and, hence, the demurrer for misjoinder of causes of action was properly overruled. But even if there were error in this respect we cannot see that any miscarriage of justice resulted from it, and hence it would not be ground for a reversal.

Defendants' next point is that, the action being in substance one to quiet title, the plaintiff must prove title in herself in order to recover and that she failed to do so. The rule referred to is well established, but there is not an entire failure of proof of title in plaintiff. There is no

evidence or claim of title in anyone else. In giving her testimony the plaintiff referred to the property as "my property." The evidence showed that at the date of the contract of sale she was in possession of the property. From this fact a presumption would arise that she was then the owner. (Code Civ. Proc., sec. 1963, subds. 11 and 12; *Davis* v. *Crump*, 162 Cal. 513 [123 Pac. 294].) Upon the making of the contract she delivered the possession of the property to the defendants, who went into possession under the contract. ■ The general rule is that a vendee in possession under a contract of sale cannot dispute his vendor's title. (*Gervaise* v. *Brookins*, 156 Cal. 103 [103 Pac. 329]; *Garvey* v. *Lashells*, 151 Cal. 526 [91 Pac. 498].) In *Garvey* v. *Lashells* the court said: "This rule is in full accord with the well recognized doctrine that no one who goes into possession of land under another will be heard to dispute the title of that other during the continuance of the relation." All the cases on this point which we have examined were actions of ejectment, but the language above quoted from *Garvey* v. *Lashells* would apply as well to an action to quiet title. ■ There may be some ground for limiting the application of the rule in an action of the latter class, but the action of the vendee in accepting the possession from his vendor and subsequently holding that possession is a sufficient acknowledgment of his vendor's title to support a finding thereof in an action between them, at least in cases where the vendee makes no claim or showing of title in any person other than the vendor.

■ The defendants allege in their answer that the plaintiff executed and delivered to them a deed of the property. It is claimed that such a deed was turned over to them and recorded, but the evidence showing this to be the fact is not printed in defendants' brief. The plaintiff testified that she signed this deed and entrusted it to a broker who had acted for her in procuring defendants to purchase the property, with instructions to put it in escrow with a bank, to be delivered to defendants when the payments on the contract had been completed. The complaint alleges that the payments have not been completed, and no denial of this allegation is called to our attention. The court refused to admit the deed in evidence and found that it had never been delivered to defendants. They complain

that this ruling was error and that the finding was not supported by the evidence. ▉ A deed is not effective to pass title unless delivered. While the possession of a deed by the grantee, or the recording thereof, is *prima facie* evidence of a delivery, it is not conclusive and may be disputed. (*Black* v. *Sharkey*, 104 Cal. 279 [37 Pac. 939]; *Klose* v. *Hillenbrand*, 88 Cal. 473 [26 Pac. 352].) The plaintiff's testimony showed that her broker had no authority to make such delivery. His authority extended only to a deposit of the deed with the bank, there to remain in escrow, and hence if he gave possession of it to the defendants his act was not binding upon the plaintiff and did not constitute a delivery of the deed. (*Klose* v. *Hillenbrand*, *supra*.) ▉ A broker employed to find a purchaser for real property has no authority to make a contract or a conveyance in behalf of his principal, unless special power is conferred upon him for that purpose (4 Cal. Jur. 564, 565), and hence can have no authority to take one of the essential steps toward a conveyance, such as the delivery of the deed. The delivery here cannot be held good under the doctrine of ostensible agency. ▉ The broker was a special agent (Civ. Code, sec. 2297), and it was therefore incumbent on the defendants to inquire as to the extent of his authority (1 Cal. Jur. 715, 744). ▉ The delivery of a deed to an agent for the limited purpose of putting it in escrow does not confer on the agent ostensible authority to convert it into a conveyance by delivering it to the grantee, unless there is some further conduct on the grantor's part reasonably indicating to the grantee that the agent has such authority. (*MacDonald* v. *Cool*, 134 Cal. 502 [66 Pac. 727].) The ruling excluding the deed from evidence and the finding that it had not been executed were therefore right.

▉ The defendants filed a cross-complaint in which they attempted to set up fraudulent misrepresentations made to them by or in behalf of the plaintiff when the sale was made. The court refused to permit the defendants to make proof in regard to any of these representations but one, and they now assign this ruling as error. The record on appeal is in typewritten form and it was therefore the duty of the defendants to print in their briefs, or in a supplement thereto, such parts of the record as they desired

to call to the attention of the court (Code Civ. Proc., sec. 953c). Defendants' brief contains a short extract from their cross-complaint, including only its allegations that certain representations were made and that they were untrue, known to plaintiff to be untrue, and relied upon by defendants. Some of these representations related to matters of fact. The objection to the evidence proffered by the defendants seems to have been that the cross-complaint was insufficient to show fraud. If fraud was practiced upon the defendants in the sale it might afford ground for a rescission of the contract or be the basis of an action for damages. If they elected to rescind they must restore or offer to restore the property to the plaintiff. (Civ. Code, sec. 1691.) If they elected to sue for damages, they must show that they sustained damages by reason of the fraud. The portions of the cross-complaint printed in the defendants' brief contain no allegation that they restored or offered to restore the property to the plaintiff, or that they suffered any damage by reason of the fraud. Without one of these allegations the cross-complaint stated no cause of action, and the ruling excluding evidence of fraud was proper. If such allegations were in fact made, the defendants should have printed them. This court is not required to search the typewritten record in order to discover possible grounds for a reversal. ▮ If the appellant fails to print in his brief or supplement sufficient of the record to justify a reversal of the judgment, it will be affirmed on the ground that the record fails to show error. (*Estate of Berry*, 195 Cal. 354, 358 [233 Pac. 330]; *Steineck* v. *Coleman*, 72 Cal. App. 244 [236 Pac. 962].)

▮ Finally, the defendants complain that the judgment for damages is excessive. The court found that since July 1, 1925, the plaintiff has been the owner and entitled to the possession of the premises and defendants have withheld the same from her since that date; that the value of the rents and profits is $20 per month, and that by reason of the said detention of the premises by the defendants the plaintiff has been deprived of the rents and profits "from July 1, 1925, to date hereof, amounting to the sum of $340.00." The date of the findings is May 14, 1926. Judgment was given in plaintiff's favor for $340. The finding that the value of the rents and profits is $20 per month is based

on an admission in the answer, there being no evidence upon the subject. The concluding statement that they amounted to $340 at the date of the findings is under the circumstances a mere conclusion from the other facts stated, and is not supported by those facts. The plaintiff attempts to justify this amount on the ground that she is entitled to recover damages from the time when the defendants first made default in their payments under the contract, but such a judgment is beyond the issues. The complaint fixes the time when defendants' withholding began as July 1, 1925. The plaintiff exercised her option to declare the contract forfeited on that date, and until she did so defendants' possession was not wrongful, and hence she could not recover damages on account thereof. The amount of damages accruing at the rate of $20 per month from July 1, 1925, to May 14, 1926, would be $209.03.

The judgment is modified by reducing the amount of money thereby recovered by the plaintiff from $340 to $209.-03, and as so modified it is affirmed; appellants to recover their costs of appeal.

Houser, Acting P. J., and York, J., concurred.