[Civ. No. 8991. First Appellate District, Division One.—December 4, 1934.]

MARIE JEANNERETTE, Appellant, v. J. HARTLEY TAYLOR et al., Respondents.

Waldo, Hinds & Lawrence and Cornelius T. Waldo for Appellant.

Brooks Gifford and T. W. Ward for Respondents.

THE COURT.—An action to cancel a deed and to quiet plaintiff's alleged title to a certain lot in Los Angeles County or, in lieu thereof, to recover the value of the property.

Defendant J. Hartley Taylor by his cross-complaint also sought to quiet his alleged title thereto against plaintiff.

The plaintiff on May 9, 1930, was the owner of the lot. On or about that date one Simmons, who is a nephew of said defendant, represented to plaintiff that he could sell the property to defendant for $2,700. Plaintiff agreed to sell, it being the understanding that Simmons should receive $700 from the selling price. Whether this was to be a loan or by way of commission is not clear from the testimony. Later a title company, following plaintiff's instructions, recorded a deed to the property which she had signed and acknowledged, the defendant being named therein as the grantee. Following this the title company prepared a certificate, showing the record title to be in defendant. The company also mailed the recorded deed to defendant. The evidence shows that this was done without express authority. The certificate was delivered to defendant, and it may fairly be inferred from the testimony that this was authorized by the plaintiff. Previous to this Simmons, representing himself to be the owner of the lot, had applied to the defendant for a loan of $900. According to the defendant's testimony at the trial he refused to make the loan, but agreed to purchase the lot for that amount and give Simmons an option to repurchase it within four months, and the trial court so found. Defendant also testified that this sum was to be paid to Simmons when the record title should be in defendant. Defendant was not acquainted with the plaintiff, and when he received the deed and certificate he paid Sim-

mons the above sum, no part of which was paid to the plaintiff.

The court found that the lot was reasonably worth $2,000, and that defendant in reliance upon the recorded deed purchased the property for a valuable consideration without knowledge of any claim thereto by plaintiff. Judgment was entered quieting title in the defendant unless the plaintiff within a time fixed should pay into court for defendant's benefit the sum of $900 with interest, less certain taxes which had been paid thereon. The plaintiff has appealed from the judgment.

■ No one who had possession of the deed was authorized by plaintiff to deliver the same to the defendant. The delivery to the title company was for the limited purpose of recordation. No authority was thereby conferred to make delivery, and its act in mailing the instrument to the defendant did not have the effect of passing title (*MacDonald* v. *Cool*, 134 Cal. 502 [66 Pac. 727]; *Ernst* v. *Searle*, 218 Cal. 233 [22 Pac. (2d) 715]; *Keele* v. *Clouser*, 92 Cal. App. 526, 532 [268 Pac. 682]). ■ However, evidence which the court believed shows that plaintiff through misplaced confidence in Simmons, with whom she had had previous transactions, caused the record title to appear as stated, and that the defendant as a prudent man might reasonably be and was led to believe that the transaction was free from fraud and that he could in reliance thereon advance the agreed sum.

Where one of two innocent persons must suffer from the act of a third, he through whose negligence it happened must bear the loss (Civ. Code, sec. 3543). Here both were innocent of fraud; but the injury having been caused by the acts of plaintiff's agent, in whom had been placed the power to perpetrate the fraud, she should bear the loss. This was the view of the trial court, and its conclusion is fairly supported by the evidence.

However, the court's conclusion that the defendant intended to purchase the property is in our opinion not sustained. The value of the lot as found by the court was more than twice the amount paid to Simmons by the defendant. Shortly after the transaction Simmons was prosecuted criminally for his part therein. At a hearing on this charge, which was held approximately two years before the trial of the case at bar, the defendant was sworn as a witness and

related in detail his version of the transaction. His testimony then given reasonably supports but one conclusion, viz., that the amount paid to Simmons was a mere loan to be secured by a record title to the lot, and this in substance was defendant's statement to the plaintiff subsequently, and this he admitted at the trial. ■ While as a rule the credibility of witnesses and the weight to be given their testimony are questions exclusively for the jury or the trial court (Code Civ. Proc., sec. 1847), yet it has been held that where the testimony as to a particular fact is in the light of the circumstances inherently improbable, the rule does not apply (*County of Sonoma* v. *Stofen,* 125 Cal. 32 [57 Pac. 681]; *De Arellanes* v. *Arellanes,* 151 Cal. 443 [90 Pac. 1059]). ■ In view of the above, defendant's version of the affair as related at the trial must have been based upon a faulty recollection of the true facts; and although, as he testified, he was to receive a deed to the property, nevertheless it is clear that the conveyance was made merely as security. Although we are satisfied that the trial court was justified in concluding that the defendant acted in good faith, believing that the transfer of the title was regular, nevertheless, in view of our conclusion that the most he can claim is a lien for the amount loaned to Simmons, the judgment, in so far as it decrees that the defendant in case of nonpayment of the loan with interest, less the taxes, shall be entitled to a decree in his favor quieting title thereto, is erroneous.

The judgment is accordingly reversed, and the trial court is directed to enter its decree adjudging the plaintiff to be the owner of the lot subject to a lien thereon in favor of the defendant to secure the payment of the sum of nine hundred dollars, with interest at the rate of seven per cent per annum from May 26, 1932.

A petition by respondents to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on January 31, 1935.