[L. A. No. 3763.   Department One.—September 13, 1916.]

## GEORGE M. PEARSON, Appellant, v. SIDNEY J. PARSONS, Administrator With the Will Annexed of the Estate of E. E. Hendrick, Deceased, Respondent.

SALES—CONTRACTS—OPTIONS—NOTICE REFERRING TO BOTH CONTRACT AND OPTION.—Under a contract to purchase twenty-five thousand orange trees, with an option to the vendee to purchase an additional twenty-five thousand of such trees, requiring the vendee to give notice to the vendor one month before the trees are budded as to the varieties which the vendee will select in purchasing the trees as per the contract and option, a notice given by the vendee within the time required, stating the varieties which he wished to purchase under such contract, is held to refer to the trees to be purchased both under the contract and the option, it appearing that all of the trees of the vendor were budded after receipt of the notice, and that a large number of them were budded to the varieties named in the notice.

ID.—NOTICE EXERCISING OPTION—FINDING CONTRARY TO EVIDENCE.—Where there was uncontradicted evidence that the vendee delivered a notice to the vendor and said at the time of delivering it, that it was a notice stating that he would take fifty thousand of the trees, and it appeared that later the vendee served upon the vendor a notice that he would buy twenty-five thousand trees one year old from the bud, for delivery in 1909, and twenty-five thousand trees two years old from the bud, for delivery in 1910, a finding that the option for the additional twenty-five thousand trees was not exercised is contrary to the evidence.

ID.—NOTICE EXERCISING OPTION WITHIN TIME.—Where the option provided that the vendee might take trees at one or two years old with the right to demand delivery at any time during the years 1909, 1910, and 1911, and had previously given notice of the varieties desired, and the trees had been budded to such varieties during 1908, a notice given in 1909 before any of the trees had become one year old from the bud, stating that the vendee would take twenty-five thousand additional trees under the option during the year 1910, between January 1st and July 1st, was within the time specified in the contract.

ESTATES OF DECEASED PERSONS—CLAIMS—EVIDENCE OF CLAIMANT OF FACT OCCURRING PRIOR TO DEATH.—In an action upon a claim against an administrator of the estate of decedent upon a contract made with the decedent, it is not error to exclude evidence by the other party to the contract of facts occurring prior to the death of the decedent.

APPEAL from a judgment of the Superior Court of Los Angeles County, and from an order refusing a new trial. Gavin W. Craig, Judge.

The facts are stated in the opinion of the court.

Miguel Estudillo, and George A. French, for Appellant.

Sidney J. Parsons, for Respondent.

SHAW, J.—The plaintiff has appealed from the judgment and from an order denying a new trial.

The complaint alleges that on or about November 12, 1906, the plaintiff and E. E. Hendrick entered into an agreement whereby said Hendrick agreed to sell plaintiff twenty-five thousand orange trees at a price therein stated; that by the terms of said agreement plaintiff was given an option to purchase twenty-five thousand additional trees upon the same terms and conditions as provided in said agreement for the purchase of the first twenty-five thousand trees; that on or about February 20, 1907, plaintiff exercised and took up said option by notifying the said E. E. Hendrick of his intention to purchase the said additional trees; that on March 13, 1909, plaintiff notified Hendrick that he would buy under said option twenty-five thousand trees to be delivered between January 1 and July 1, 1910; that Hendrick died October 25, 1909; that thereafter, on April 22, 1910, plaintiff demanded of J. G. McKinney, then the administrator of the estate of Hendrick, the delivery of ten thousand trees, and on June 25, 1910, the delivery of fourteen thousand two hundred trees, all in accordance with the terms of the agreement and the option therein provided, but that McKinney refused to make delivery. Parsons was substituted as administrator and as defendant after the action was begun.

The contract sued on is the contract that was under consideration in *Pearson* v. *McKinney*, 160 Cal. 649, [117 Pac. 919]. The action there determined was a suit for the refusal to deliver the first twenty-five thousand of the budded trees covered by the contract. The present action relates exclusively to the refusal of McKinney, as administrator of the estate of Hendrick, to deliver the twenty-five thousand trees covered by the option given by said contract. The contract contained the following clause:

"It is hereby agreed that the party of the first part shall give notice to the party of the second part one month before the trees are budded as to the variety which the party of the first part will select in purchasing the trees as per this contract and the option thereinafter set forth."

The court found that on March 31, 1908, Pearson gave to Hendrick a notice of selection of varieties for budding, but that at said time Pearson had not exercised or accepted the option for the additional twenty-five thousand trees, and that the notice did not refer to the option and was not intended to apply thereto. It also found that the plaintiff "did not, within a reasonable time after the making of the contract, or at all, accept and become bound to the said E. E. Hendrick to take and purchase said additional 25,000 trees mentioned in the optional portion of said contract." We are of the opinion that the court was wrong upon both propositions.

The contract first provided that Pearson would buy and Hendrick would sell to him "25,000 budded trees of standard size," Pearson to have the option of buying them "at one year old or two years old from the bud," and that "the delivery of said trees shall be between 1909 and 1911, inclusive." The last clause of the contract was the one giving the option and was as follows:

"In consideration of the covenants and agreements hereinbefore mentioned the party of the second part hereby gives to the party of the first part an option to purchase 25,000 additional standard trees as above described, upon the same terms and conditions as herein provided for the purchase of the first 25,000 of such standard trees."

The notice of selection of varieties for budding given on March 31, 1908, was as follows:

"In accordance with contract between G. M. Pearson and E. E. Hendrick, dated the 12th day of November, 1906, I hereby notify you, that the trees which I am to purchase under said contract, I wish budded to the following varieties: 20 per cent Thompson Improved Navels, 25 per cent Valencias, 45 per cent Washington Navels, 10 per cent Eureka Lemons."

There is no ground for the conclusion that this notice did not apply to the trees to be bought under the option as well as to those bought outright. The clause providing for such notice refers to the trees embraced in the option, as well as

to those bought outright, and its terms imply that one selection should serve for all the trees to be bought under the agreement. The notice of selection includes "the trees which I am to purchase under said contract." This would include the last twenty-five thousand trees as well as the first twenty-five thousand trees, and it refers as much to one as to the other. Furthermore, it appears from the evidence that all of the trees of the Pearson stock were budded during the year 1908, after the receipt of this notice, and that a large number of them were budded to the varieties named in the notice. We see no ground for the conclusion that Hendrick was released from the obligation to sell the optional twenty-five thousand trees by reason of any uncertainty in the notice of selection for budding.

With respect to the exercise of the option the court found that it was not exercised on the 20th of February, 1907, as alleged. There was evidence by a witness that in 1907 Pearson handed a letter to Hendrick, in the presence of the witness, saying to Hendrick that it was a notice stating that he would take fifty thousand of those citrus trees under a contract. Because of this evidence, which was not contradicted in any way, it is insisted that the finding that the option was not then exercised is not correct. The court further found, however, that on March 13, 1909, Pearson served on Hendrick the following notice:

"In accordance with the contract between Pearson and Hendrick dated November 12th, 1906, by the terms of which I am to buy and you are to sell certain nursery stock, I hereby notify you that, in accordance with the terms of said contract, I will buy 25,000 standard trees, one year old from the bud, for delivery in April, May and June, 1909, and 25,000 standard trees, two years old from the bud, to be delivered between January 1st and July 1st, 1910. Will give you later details as to exact dates."

There can be no doubt that this notice constituted an exercise of the option to buy the twenty-five thousand additional trees, even if it had not been previously exercised in February, 1907. The court's finding that the notice of March 13, 1909, was not given within a reasonable time after the making of the contract is not sustained by the terms of the contract itself. Pearson was to have the option of taking trees at one year or two years old, and was given the right to demand

delivery at any time during the years 1909, 1910, and 1911. He had already given notice of the varieties he desired, and, in accordance therewith, the trees had been budded to such varieties during the year 1908. A notice given in March, 1909, before any of the trees had become one year old from the bud, stating that he would take the twenty-five thousand additional trees, under the option, during the year 1910, between January 1st and July 1st, was clearly within the time which the contract itself specified. There was nothing in the circumstances requiring an earlier election to exercise the option. No facts are shown indicating that the delay caused any inconvenience, hardship, or loss to Hendrick, nor anything to indicate that an earlier time would be beneficial to Hendrick. The evidence shows that he persistently and designedly refused to deliver any trees under the Pearson contract. As it also appears that the price of such trees had increased two or three times over in the meantime, we need not seek far to discover the motive for the refusal. In April and June, 1910, when Pearson demanded delivery of the trees covered by the option, the defendant had on hand trees of the kinds and varieties described in the contract and notice of selection. Because of its conclusion that the option had not been exercised, the judgment was given for the defendant. As the notice of March 13, 1909, was a sufficient exercise of the option, even if there was none in February, 1907, as alleged, and as the notice of selection of varieties applied to all the trees bought under the contract, including the option, the judgment should have been for the plaintiff.

Upon the trial Pearson was called as a witness to testify to the service of the notice of February, 1907, of the exercise of the option, and of the conversation between him and Hendrick at that time. The court first admitted the evidence, but before the decision was filed it made a ruling excluding it. A large portion of the briefs is devoted to the discussion of the soundness of this ruling. We do not doubt that it was correct. The action was upon a claim against the administrator upon a contract made with the decedent in his lifetime, and the evidence related to facts occurring prior to the death of the decedent. That the other party is incompetent to testify to any facts occurring prior to the death of the decedent is too thoroughly settled to require discussion.

(Code Civ. Proc., sec. 1880, subd. 3; *Stuart* v. *Lord,* 138 Cal. 676, [72 Pac. 142]; *Kaltschmidt* v. *Weber,* 145 Cal. 598, [79 Pac. 272].)

The judgment and order are reversed.

Sloss, J., and Lawlor, J., concurred.