[Civ. No. 6296. First Appellate District, Division Two.—April 23, 1928.]

WILLIAM P. FILMER, Respondent, v. GEORGE M. DAVIS, Appellant.

Ford, Johnson & Bourquin for Appellant.

John H. Crabbe and Bradford Webster for Respondent.

THE COURT.—Respondent made a motion herein to affirm the judgment appealed from upon the ground that appellant has failed to comply with the requirements of Code of Civil Procedure, section 953c, by failing to print in his brief or in a supplement thereto "such portions of the record as they desire (he desires) to call to the attention of the court." *Pearson* v. *Parsons*, 173 Cal. 331 [159 Pac. 1171]; *Estate of Berry*, 195 Cal. 354 [233 Pac. 330]; *Jeffords* v. *Young*, 197 Cal. 224 [239 Pac. 1054], and other cases are cited and relied on by respondent. In the last-cited case the supreme court's opinion contains the following:

"It has been reiterated approximately one hundred times in the decisions of this court and of the district courts of appeal that it is incumbent upon an appellant who relies upon a typewritten transcript to print in his brief or in a printed supplement thereto sufficient of the record to justify a reversal of the judgment or order appealed from. (2 Cal. Jur. 643 et seq.) Furthermore as we pointed out some months ago (*Estate of Berry*, 195 Cal. 354 [233 Pac. 330]), since the 1923 amendment to the section last cited, an appellant who fails to do this incurs thereby the risk that the order or judgment appealed from may be affirmed upon motion."

In *Dahlberg* v. *Dahlberg*, 202 Cal. 295 [260 Pac. 290], a motion to affirm for failure to comply with section 953c of the Code of Civil Procedure, was granted.

While the precise wording of the section requires the appellant to print such parts of the record as he *desires* to call attention to, the decisions above referred to, as well as the very nature of the matter, require that appellant print enough of the record to enable the appellate court to determine the merits of the appeal without examination of the typewritten transcript except perhaps in case of a dispute developed in the briefs as to what the official record actually contains.

In this case appellant has printed a small part of the testimony and only that part which is favorable to his contention. He prints none of the pleadings, findings, or judgment. Respondent's brief challenges the sufficiency of the printed matter of appellant's brief and specifies that certain evidence omitted from appellant's brief supports the judgment. This brief was filed October 16, 1926. Appellant's time to reply has expired and he has filed no reply brief nor made any attempt to amplify the printed part of the record. He rather assumes that his statements of the record are unchallenged. This is true with respect to some parts, but with respect to the vital points in the case, respondent is not so complaisant.

Although this appeal has not yet been reached in the regular course so as to be put upon the calendar for argument and submission upon its merits, this motion requires us to examine the briefs and the subject matter of the appeal in

order to ascertain whether the motion should be granted or denied.

John C. Colburn held an option on a large block of shares of the capital stock of the General Research Company, a corporation, which held patents supposed to be essential to the wireless telephone. Colburn interested appellant Davis in the project. Davis, through friendship and fraternal ties, induced several friends to put up money for stock in the company. Colburn's option expired, the company forfeited its charter and the whole project was a failure. The respondent is the assignee of the friends who, together with himself, put up sums of money aggregating $5,000 and this action was brought to recover the money.

We will refer to the plaintiff in the plural number to indicate the plaintiff and his assignors.

The complaint, not printed, contains two counts for each of the plaintiffs. One count is in debt for money had and received which defendant is alleged to have promised in writing to repay and one count is in debt upon an account stated which defendant is alleged to have promised in writing to repay. The findings and judgment, also not printed, were in favor of the plaintiffs upon the counts for money received but not upon the counts upon an account stated.

Appellant's points on appeal are that the evidence shows that Colburn and not Davis received the money and for that reason an action for money received will not lie against Davis even though he were proved guilty of fraud. When it came time for plaintiffs to pay over the money, Davis had them sign a written contract, which was a contract for the purchase and sale of shares of capital stock in the General Research Company. This contract, also not printed, names Colburn instead of Davis as the seller and the party of the first part. Appellant relies on this contract, together with some small excerpts of testimony of Davis and Filmer, and other testimony not printed but simply referred to by citing the page of the typewritten transcript, to show that the money was not paid to Davis in such a way to support a judgment upon a complaint for money received.

Respondent's brief first attacks the sufficiency of the certification of the transcript on the ground that more than one-half is not certified, but this is not involved upon this motion. The following facts are said by respondent to be

disclosed by the typewritten record supporting the judgment as for money received: That the company was defunct and not authorized to issue stock in California, and cites facts in this connection showing fraud upon the part of defendant in obtaining the money; that in each case the money or checks were paid or delivered to Davis; that none of the plaintiffs knew Colburn; that they were not informed that he was interested in the matter until Davis declared at the time the contract was signed that it was made in the name of Colburn purely for convenience; that Davis and Colburn had a secret agreement to equally divide the proceeds of the entire transaction between themselves; that a form of receipt prepared by Davis was made in his own name as his personal receipt and as his personal agreement to deliver the shares of stock for the money; that plaintiffs' dealings were with Davis alone; that Davis gave to Colburn a part of the money without authority from plaintiffs and in direct violation of his assurances and promises that he would personally account to plaintiffs therefor; that no share of stock was received in exchange for the money; that Davis assigned his one-fifth interest in a $55,000 estate to his wife; that two letters were written by Davis in which he acknowledges his responsibility to plaintiffs although he calls it a moral responsibility, and in which letters he acknowledges and declares that the plaintiffs parted with their money upon his credit, personality, and promises and not upon those of Colburn; that other facts in the record show that Davis received the money for the purpose of buying shares of stock, but converted it by giving most of it to Colburn without receiving any stock therefor; that letters from Davis to respondent's counsel refer to an offer by appellant to give an unsecured promissory note for the amount advanced by plaintiffs; that Davis had testified that he would discharge his moral obligation by paying back the $5,000 if he got in a position to do so; that he was now able to pay all his debts, including any judgment in this case; that he nevertheless now refused to repay. Respondent prints some of the documentary evidence, but most of the facts claimed by him are merely stated with page references to the reporter's transcript.

Having thus outlined the evidence as it is claimed by the respective parties, it is apparent that this court is not able

to decide this appeal upon its merits from such fragmentary portions of the record as have been printed. Granting all of appellant's contentions of law, nevertheless if only certain parts of the evidence claimed by respondent were before the trial court the duty devolves upon this court to determine whether the judgment is supported by the evidence. The facts as claimed by respondent when examined may show a conversion or misappropriation of the money for which an action for money would lie. (41 Cor. Jur., sec. 45.) Despite the form of the contract naming Colburn as the party of the first part, there is still a question to be determined only from the evidence, whether Davis received the money under such circumstances that he should be answerable in an action for money received as distinguished from an action for damages for fraud and deceit. For example, did Davis receive the money from the plaintiffs for a purpose which became impossible of performance because the stock could not issue? (*Gray* v. *Ellis*, 164 Cal. 481, at 485 [129 Pac. 791]; *Hallidie* v. *Enginger*, 175 Cal. 505, at 508 [166 Pac. 1].)

It may no doubt be difficult in some cases for an appellant to know just how much of the record he should print in his opening brief, where he claims an absence of evidence on certain issues of fact; but where counsel for appellant has gone through the trial of the case it should be quite seldom that he is unable to anticipate what evidence respondent relies upon. At any rate and at the latest, appellant should be able to know this after reading respondent's brief. If respondent prints some of the record in support of the judgment or challenges appellant's statements concerning the record appellant should then print what he relies upon to overcome the contentions of his adversary. Failing to do so, he has not complied with the requirement of the Code of Civil Procedure, section 953c.

The burden of showing error is on the appellant, even where the appeal is taken under the alternative method.

Some hesitancy is frequently and properly expressed by courts in disposing of an appeal upon a motion not involving the real merits of the controversy. In this case, however, no reason exists for this attitude. The appellant's position before this court is not that he should in no event be required to pay plaintiffs the amount of money sued

for, but only that the form of action should be other than the one set up in the complaint.

It is, therefore, ordered that the motion be and the same is hereby granted and the said judgment is affirmed.

A petition for a rehearing of this cause was denied by the district court of appeal on May 23, 1928, and a petition by appellant to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on June 21, 1928.

All the Justices concurred.