[Civ. No. 6144. First Appellate District, Division Two.—May 10, 1928.]

CHARLES M. HOLMES, Trustee, etc., Respondent, v. HENRY M. SCHMITT et al., Appellants.

Minor Blythe for Appellants.

A. L. Rowland and Dunham & Thompson for Respondent.

NOURSE, J.—Plaintiff sued as trustee in bankruptcy of Fox Brothers Sporting Goods Company (a Corporation), to recover $9,000 alleged to have been received by defend-

ants on behalf of the bankrupt. Plaintiff had judgment for $8,390.85 against both defendants, from which they appeal on a typewritten record.

Two grounds are urged for a reversal of the judgment—that the plaintiff was not authorized by the United States district court to prosecute the action, and that the evidence is insufficient to support the findings and judgment. The defendant Fox was the sole owner and directing head of the corporation, which was engaged in the sporting goods business in Grand Junction, Colorado, on June 4, 1923, when the stock and fixtures of the concern were damaged by fire. Fox obtained from the insurance companies, as compensation for the damages, $4,615, and received, by way of salvage from the damaged goods, $3,775.85. For some time following the fire he conducted a fire sale to dispose of these goods and on December 20, 1923, paid to his mother $3,500 and to his sister $1,200 which, he claimed, had been loaned him for use in the business. On December 24, 1923, he claimed to have received from his co-defendant, who was his nephew, the sum of $9,000 for the purpose of investing it in California. This sum, he testified, was received by him in cash and carried upon his person until April, 1924, at which time he purchased three cashier's checks in St. Louis for the sum of $3,000 each, which he carried with him until June, 1924, when he deposited them in a bank in Los Angeles. This deposit was made in the name of Henry M. Schmitt, but the defendant Fox procured from Schmitt a power of attorney which authorized him to draw the money from the bank. On February 29, 1924, defendant Fox was adjudicated a bankrupt and at the trial of this action he testified that at the time of this adjudication he had no assets of any kind or no property belonging to the corporation. The judgment in this action represents the sum of the value of the salvaged stock which the defendant Fox disposed of after the fire and the amount paid to him by the insurance companies for the loss. It is the theory of the plaintiff and respondent that these sums were obtained by Fox as assets of the corporation and that the purported repayment of loans to his mother and sister was made to cover up the misappropriation by him of corporate funds and that the purported transaction with his nephew whereby Fox claimed to have received the sum of $9,000 for purposes

of investment was merely a paper transaction for the same purpose.

■ As to the first point raised by the appellants—that the trustee did not have leave to sue from the bankruptcy court—the point is not in issue. The complaint was framed upon a common count for money had and received and the capacity of the plaintiff to sue is not a matter which he was required to plead. This point could be raised by the defendants by special plea of want of capacity to sue. The appellant Fox did not attempt to raise it, while the appellant Schmitt pleaded merely want of information and belief, and made no effort to prove the defense.

■ The second point raised is that the evidence is insufficient to support the findings and that the judgment is contrary to the evidence. The appellants, however, have not printed the evidence, the findings or the judgment and in fact have made no effort to comply with the provisions of section 953c of the Code of Civil Procedure. For this reason alone the judgment must be affirmed. (*Estate of Berry,* 195 Cal. 354, 359 [233 Pac. 330].) We have, however, examined the record and are satisfied that the trial court properly found that the money represented in the judgment belonged to the bankrupt corporation and that it was received and held by the appellants for the use and benefit of that corporation. Some of the testimony of the appellants is printed in their brief tending to show that this sum of $9,000 was given to appellant Fox by Schmitt to enable the former to invest it for Schmitt in Los Angeles. This, however, only serves to create a conflict with the undisputed evidence of the circumstances under which the appellant Fox obtained the money of the corporation following the fire and of the suspicious circumstances under which he claimed to have paid from these moneys the sum of $4,700 in satisfaction of purported loans from his mother and sister. In addition to this it appears that throughout the trial the testimony of the appellants was so contradictory and improbable in itself that the trial court was justified in rejecting it as unreliable. Thus the allegation in the complaint of the receipt of the corporate funds is admitted, while the defense of disbursement for corporate purposes is not proved.

Judgment affirmed.

Koford, P. J., concurred.