[Civ. No. 5321. Second Appellate District, Division Two.—April 26, 1929.]

IDA DEIST, Respondent, v. S. BECK, Appellant.

[Civ. No. 5912. Second Appellate District, Division Two.—April 26, 1929.]

IDA DEIST, Respondent, v. S. BECK, Appellant.

Allan F. Daily and Frank L. Kostlan for Appellant.

No appearance for Respondent.

BURNELL, J., *pro tem.*—These two cases were ordered consolidated on appeal. Respondent has failed to aid the court by filing any brief and, on motion of appellant, the time for filing of such brief having long since expired, the appeals were ordered submitted on appellant's briefs.

Each case is an action seeking recovery of payments alleged to be due on the same contract for the purchase of real property, the first seeking recovery of payments claimed to be due up to February 12, 1924, and the second seeking recovery for payments alleged to be in default for the period between March 12, 1924, and May 12, 1925. An examination of the clerk's transcript discloses that the respective complaints allege that about November 12, 1921, F. H. and Ida L. Miller, husband and wife, owned the lot which was the subject of the contract, and agreed to sell the same to Beck for $3,750. The agreement which was in writing is set out *in haec verba* and is in the usual form. It acknowledges receipt of a down payment of $200 and provides for payment of the balance at the rate of $40 per month, with interest at seven per cent per annum. It is further alleged that certain specified payments have been made by defendant, but that none have been made since February 12, 1923. It is also alleged that about June 5, 1922, the Millers assigned the contract and the property described therein to the plaintiff.

The findings in each case were in accordance with the allegations in the respective complaints and were followed by the judgments in favor of plaintiff, from which these appeals are taken.

A number of points are attempted to be made by appellant which may be summarized as follows:

(1) The contract was breached by respondent's predecessors in interest, the Millers, by conveying the property to one Springer "without subjecting the property to appellant's rights and without giving notice to Springer of said contract of sale."

(2) The transfer by the Millers to respondent was ineffective as to appellant, since they were not in a position to convey title to respondent as security to protect appellant in continuing payments on the contract.

(3) A subsequent conveyance by Springer to respondent was a nullity, because it contained no description of property.

(4) Any cause of action which might have existed belonged to Springer, since title had been conveyed to her by the Millers and her conveyance to respondent was void.

(5) There was a novation, a new agreement having been entered into between respondent and appellant.

These contentions, however, cannot be sustained for the reason that the *facts* involved therein are not within the findings of the court below, and on the contrary are directly opposed thereto. In the first of these cases the findings followed the allegations of the complaint, and in the second case, in addition thereto, the court found as facts: that the Millers assigned the contract to plaintiff, that by grant deed they conveyed the property to Frieda G. Springer, who was plaintiff's daughter and who thereafter deeded it directly to plaintiff, and that the conveyance by the Millers to Frieda G. Springer "was made for the purpose of convenience to Ida Deist and not otherwise and that Ida Deist has been at all times in a position to and has been and is ready, willing and able to convey the title to the said real property." It was further found that defendant was in possession of the property and that the contract had been recorded. As to the alleged novation, the court found that no new agreement had been entered into, and that there had merely been an attempt to settle the litigation between the parties through an escrow which was never completed, which "proposed settlement was never consummated."

The findings are not attacked on these appeals. Appellant does not urge that they are not supported by the evidence or that they do not in turn support the court's conclusions of law. He has not even incorporated them in either of his briefs or in any supplement thereto. It must be

assumed, therefore, that he makes no contention but that they are supported by the evidence and are correct.

▉ The appeals are taken under the alternative method and under the provisions of section 953c of the Code of Civil Procedure "the parties must . . . print in their briefs, or in a supplement appended thereto, such portions of the record as they desire to call to the attention of the court." (*Filmer* v. *Davis,* 91 Cal. App. 195 [266 Pac. 985]; *Holmes* v. *Schmitt,* 91 Cal. App. 689 [267 Pac. 558].) As we have frequently had occasion to say, this court is not required to search the typewritten record in order to discover possible grounds for reversal. "If the appellant fails to print in his brief or supplement thereto sufficient of the record to justify a reversal of the judgment, it will be affirmed on the ground that the record fails to show error." (*Keele* v. *Clouser,* 92 Cal. App. 526 [268 Pac. 682]; *Estate of Berry,* 195 Cal. 354 [233 Pac. 330]; *Steineck* v. *Coleman,* 72 Cal. App. 244 [235 Pac. 962].)

The record on these appeals resembles to some extent that in *Estate of Berry, supra,* where, as here, the appeal was taken under the alternative method. The court there said:

"The nature of appellants' contentions upon this appeal can best be arrived at by a process of elimination. There is no suggestion in their brief of any defect or deficiency in the pleadings, or that the court failed to find upon any issue framed thereby, or that any finding of fact is irrelevant to the issues, or that the findings fail to support the judgment, or that any error was committed at the trial, or that any conclusion of law is erroneous. We are thus brought to the conclusion that the gist of appellants' contention is that the evidence is insufficient to sustain the findings of fact, but no such contention is anywhere stated in their brief (except with respect to the so-called 'specified findings'). There is no specification of such insufficiency of the evidence to support the findings of ultimate facts, and if there were, it could not be reviewed except by reference to the findings themselves, which are nowhere to be found, either in appellants' brief or in the supplement thereto. A proper course to be followed by this court under such circumstances would be to affirm the judgment without further consideration of the appeal. The appellate court is not required to assume the vexatious burden of searching the

typewritten transcript for error or for deficiencies therein (*Scott* v. *Hollywood Park Co.*, 176 Cal. 680 [169 Pac. 379]; *Marcucci* v. *Vowinckel*, 164 Cal. 693 [130 Pac. 430]; *Eddy* v. *Stowe*, 43 Cal. App. 789 [185 Pac. 1024]; *Pasadena Realty Co.* v. *Clune*, 34 Cal. App. 33 [166 Pac. 1025])."

The judgments are affirmed.

Works, P. J., and Craig, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on May 24, 1929, and a petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on June 24, 1929.

All the Justices concurred.