## In re WILLIAM E. DE LANY & CO. et al.

### (District Court, N. D. New York. July 22, 1903.)

1. BANKRUPTCY—SUPPLEMENTARY PROCEEDINGS—CONTEMPT—STAY.
   Bankr. Act July 1, 1898, § 11a, c. 541, 30 Stat. 549 [U. S. Comp. St. 1901, p. 3426], provides that a suit which is founded on a claim from which a discharge would be a release, and which is pending against the person at the time of the filing of a petition against him, shall be stayed until after an adjudication or dismissal of the petition, and, after the person is adjudged a bankrupt, the action may be further stayed until 12 months after the date of such adjudication, or until the question of discharge is determined, if within that time a discharge is applied for. *Held*, that where supplementary proceedings were begun to enforce a judgment not obtained within four months of the filing of the petition on a debt duly scheduled, and which would be barred by a discharge, and before hearing the debtor was adjudged a bankrupt, such adjudication did not affect the state court's jurisdiction of the supplementary proceedings, nor authorize the debtor to refuse to comply with the state court's order directing her examination, in the absence of an application to the federal district court for a stay of such proceedings.

2. SAME—APPLICATION FOR INJUNCTION—STAY.
   An application to the federal district court to restrain the state court from punishing a bankrupt for contempt in failing to appear before a referee for examination might be treated as an application for a stay of such proceedings, no fine having been imposed, and it being evident that no actual contempt was intended.

### In Bankruptcy.

This is a motion to continue an injunction granted by R. A. Gunnison, referee in bankruptcy, September 8, 1902, restraining Robert S. Parsons, as county judge of Broome county, N. Y., the Lippincott Glass Company, and their attorneys, from taking further action on an order to show cause, granted by said county judge, why the said Daisy A. De Lany should not be punished for contempt in not obeying an order to appear and be examined in supplementary proceedings in an action in the county court of said county granted on the return nulla bona of an execution issued thereon.

T. B. & L. M. Merchant, for the motion.
Mangan & Mangan, for the bankrupts.

RAY, District Judge. On the 2d day of August, 1902, said Daisy A. De Lany was duly adjudged a bankrupt under and pursuant to the provisions of the national bankruptcy law. One of the claims

scheduled was that of $32.28 in favor of the Lippincott Glass Company against said Daisy A. De Lany, being the amount of a judgment in favor of said company obtained in the city court of the city of Binghamton, Broome county, N. Y., on the 16th day of August, 1901. Pursuant to the laws of the state of New York a transcript was filed, and said judgment docketed in the clerk's office of the county of Broome, N. Y., on the 1st day of March, 1902; whereupon same to all intents and purposes became a judgment of the county court of said county.

On the 16th day of July, 1902, proceedings supplementary to execution were duly instituted in said action on said judgment, an execution having been returned unsatisfied, and the said Robert S. Parsons, as county judge of said county, duly made an order directing said Daisy A. De Lany to appear before Harry C. Walker, a referee duly appointed by such order, on the 24th day of July, 1902, for the purpose of being examined as to her property, etc., and also restraining her from disposing of her property. On said day said Daisy A. De Lany appeared by attorney, and the matter was duly adjourned to the 7th day of August, 1902. On that day said Daisy A. De Lany did not appear before said referee, having been adjudged a bankrupt on the 2d day of August, 1902, on her own petition and that of William E. De Lany. The date when the petition in bankruptcy was filed does not appear.

The said claim of the Lippincott Glass Company is of such a nature that it is dischargable in bankruptcy. Thereafter the proceeding to punish said Daisy A. De Lany for contempt in not obeying said order of said county judge, by appearing for examination on the 7th day of August, 1902, was duly instituted, and this is the proceeding sought to be restrained by enjoining the said judge, said plaintiff, and its attorneys from proceeding further therein.

Proceedings supplementary to execution are proceedings in the action, so far at least as to be within the meaning and intent of section 11a of the national bankruptcy law (Act July 1, 1898, c. 541, 30 Stat. 549 [U. S. Comp. St. 1901, p. 3426]), which reads as follows:

"Sec. 11. Suits by and against Bankrupts. (a) A suit which is founded upon a claim from which a discharge would be a release, and which is pending against a person at the time of the filing of a petition against him, shall be stayed until after an adjudication or the dismissal of the petition; if such person is adjudged a bankrupt, such action may be further stayed until twelve months after the date of such adjudication, or, if within that time such person applies for a discharge, then until the question of such discharge is determined."

All proceedings in the state court might have been stayed by an order of this court had application been made to it and the facts presented. But no such application was made nor was such an order granted.

The county court of Broome county was not deprived of jurisdiction either of the person of Daisy A. De Lany, or of the subject-matter, an examination of said De Lany as to her property, by the pendency of the bankruptcy proceeding or the adjudication, although the filing of the petition in bankruptcy was a caveat to all the world, and in effect an attachment of her property, and an injunction against

all proceedings that might interfere therewith—all proceedings that would effect the due operation of the bankruptcy law. Mueller v. Nugent, 184 U. S. 1–14, 22 Sup. Ct. 269, 46 L. Ed. 405.

In effect, subdivision "a" of section 11 of the bankruptcy law operated as an injunction on the county judge of Broome county, the plaintiff in the action against De Lany (the judgment creditor) and its attorneys, and the referee, Walker, and they were bound to observe and obey it until after adjudication. On the 7th day of August the petition had been filed and an adjudication made, and the right of all creditors having provable and allowable claims to appear and examine the bankrupts in the bankruptcy court had become fixed, and the title to the property of said De Lany had vested or would vest in the trustee, when appointed, as of the 2d day of August, the date of adjudication.

Within the meaning of the bankruptcy act, this supplementary proceeding was a suit founded upon a claim from which a discharge would be a release, and proceedings to enforce such a claim, after adjudication, should be prosecuted in the court of bankruptcy having full and complete jurisdiction. But if the objection was not made before the referee in the supplementary proceedings he would report the fact of nonappearance to the court or judge, and the judge could grant an order to show cause why the debtor, she not appearing pursuant to the order, should not be punished for contempt. On the return of that order, would cause be shown why punishment for contempt should not follow by a presentation of the fact that in the meantime and before the time fixed for the examination the judgment debtor had been duly adjudged a bankrupt? Should this court allow such a proceeding to continue, and compel the bankrupt to take her chances of being fined for an alleged contempt, and, if fined, being compelled to appeal, and thus forced to litigate her rights in the state court? On the other hand, may a judgment debtor, under an order of the state court to appear and be examined as to her property, ignore such order entirely on being adjudicated a bankrupt? Should not the debtor apply for and obtain a stay of such supplementary proceedings?

Clearly, the proceedings in the state court are not superseded by the adjudication in bankruptcy. At most, such proceedings are stayed until after adjudication, and may be stayed until 12 months after the date of such adjudication, etc. Section 11, Act July 1, 1898. If not stayed, they continue, and the debtor, even though a bankrupt, may be compelled to observe and obey all orders of the state court lawfully made. This judgment was not obtained within four months prior to the filing of the petition in bankruptcy, and was in no way directly affected by the adjudication. See section 67f, Bankruptcy Act (Act July 1, 1898, c. 541, 30 Stat. 564, 565 [U. S. Comp. St. 1901, p. 3450]).

The order of the county judge of Broome county, N. Y., did not become void, but remained in full force and effect, notwithstanding the adjudication in bankruptcy, subject to a stay of proceedings thereon if granted by this court. This is true even if the proceeding be held to be an independent proceeding; that is, a proceeding inde-

pendent of the judgment and execution on which founded. What sanction of law is there for a judgment debtor who has been adjudicated a bankrupt to disregard and disobey the order of the state court having jurisdiction to make same? Is that the remedy? Is not the remedy an application to this court for a stay of all proceedings under and pursuant to such order; that is, for an order restraining the persons seeking to proceed under such order from taking further steps? This would seem to be the remedy provided by section 11 of the bankruptcy act. It will hardly do to hold that a person adjudged a bankrupt may thereupon disobey the lawful orders of a state court made before such adjudication, and, for anything that appears, before the petition was filed, and which order commands him or her to submit to an examination as to their property.

In this case no fine has been imposed for the alleged contempt. The judgment debtors made a mistake in not applying to this court for a stay of the supplementary proceedings instead of failing to appear for examination. But this may be regarded as an application to stay all proceedings on the judgment mentioned, including the supplementary proceedings, and proceedings founded thereon and connected therewith, to punish for the contempt, which evidently was not intended, the party evidently supposing that the adjudication in bankruptcy released her from any obligation to appear and submit to an examination.

The order will be that Robert S. Parsons, county judge of Broome county, N. Y., Lippincott Glass Company, and T. B. & L. M. Merchant, its attorneys, and their agents, servants, and successors, be, and are and each of them is, enjoined and restrained from taking any further proceedings on the judgment against Daisy A. De Lany in favor of said Lippincott Glass Company, docketed in Broome county clerk's office on or about March 1, 1902, or the proceedings supplementary to execution instituted before said county judge and founded thereon, or the proceedings pending to punish said judgment debtor for contempt in not obeying said order, for the space of 12 months from the day said Daisy A. De Lany was adjudged a bankrupt, or, if within that time said bankrupt shall apply for a discharge, then until the application for such discharge shall be determined.

This must be a warning, however, that such orders cannot be disobeyed.