[Civ. No. 3843. Third Appellate District.—February 11, 1931.]

ALFRED D. WOODS et al., Respondents. v. HARRY BERRY et al., Appellants.

Herbert Choynski and Sidney Rhein for Appellants.

Carr & Kennedy for Respondents.

MR. JUSTICE Pro Tem. McDANIEL Delivered the Opinion of the Court.—This is an appeal from an order denying defendants' motions for change of place of trial from Shasta County to the city and county of San Francisco, and granting respondents' counter motion to retain the cause in Shasta County.

It is agreed that the action is a transitory one. (*Chew* v. *Storrie,* 108 Cal. App. 313 [291 Pac. 610].) This case was here before on motion of respondents for affirmance; opinion filed April 4, 1930. (*Woods* v. *Berry,* 105 Cal. App. 90 [286 Pac. 1073].) The facts of the case are sufficiently stated therein. The motion for affirmance rested upon the claim that the transcript had not been properly authenticated by the trial judge. It was ordered by the appellate court that the transcript be withdrawn and returned to the Superior Court in and for Shasta County for the purpose of having the same certified by the judge, as required by section 953a of the Code of Civil Procedure. The corrected and completed transcript, containing all of the affidavits used at the hearing of the motions for change of the place of trial, has been returned and filed. The respondents objected in the court below to the certification of said transcript, notwithstanding direction of this court that it be sent back for that purpose. The objections were overruled, and by stipulation, were included in the transcript before

us, and are on four grounds, to wit: "1. That this court has no jurisdiction to act in said matter at this time; 2. That no proceeding in accordance with law has been taken or is pending before this court for the correction of any defect in said transcript; 3. That the application for the certificate and approval of said transcript by the trial judge comes too late; 4. That defendants have been guilty of laches in obtaining and filing a correct transcript upon the appeal herein."

 In support of the objections, which are again asserted here, although no appeal from the ruling of the court was taken by respondents, it is argued that the correction of the transcript was not based upon proceedings taken under section 473 of the Code of Civil Procedure to relieve appellants of the default in procuring and filing a reporter's transcript within the time provided by statute and that the charge of laches was obviously well taken.

There is no merit in these objections. The demand for a transcript was in time. Immediately following the discovery by appellants that the original transcript was not signed and certified by the trial judge, they applied to him with request for his certification. Erroneously he refused to sign. The court had jurisdiction as long as this appeal was pending. The opinion and decision, *supra*, settled the fact and the law of the case, in so far as the right to certification of the record upon proper application therefor is concerned, and the correction was made on August 7, 1930, within six months thereafter. The record as now before us is in effect a bill of exceptions. "While it does not appear that the defendant in response to said objections made a formal motion for relief from his default under the provisions of section 473 of the Code of Civil Procedure, it does affirmatively appear therein that the trial judge 'exercised his discretion in favor of certifying said transcript' and thereupon made an order that the same be settled, allowed and certified as and for the bill of exceptions in said cause." (*Stenzel* v. *Kronick,* 201 Cal. 26 [255 Pac. 199].) The presumption is in favor of the ruling of the trial court. (*Weyse* v. *Biedebach,* 86 Cal. App. 728 [261 Pac. 1096]; sec. 1963, Code Civ. Proc., subds. 15 and 16.)

 It does not appear from the record herein whether or not appellant's application for certification of the corrected

and completed transcript was for relief under section 473 of the Code of Civil Procedure. The application, however, was made and granted over the objections of respondents, in the exercise by the court of a sound discretion. (*Banta* v. *Siller,* 121 Cal. 414 [53 Pac. 935].) It does not appear there was an abuse of discretion in so doing. (*Stonesifer* v. *Kilburn,* 94 Cal. 33 [29 Pac. 332].) Courts give very liberal interpretation to the provisions of section 473 of the Code of Civil Procedure. . (*Estate of Simmons,* 168 Cal. 392 [143 Pac. 697]; *Anstead* v. *Pacific Gas & Elec. Co.,* 201 Cal. 198 [256 Pac. 209]; *Gross* v. *Hazeltine,* 206 Cal. 130 [273 Pac. 550].)

As to laches, it appears to this court that appellants moved with reasonable celerity and due diligence to obtain the said transcript. The case of *In re Barney,* 191 Cal. 18 [214 Pac. 853], does not conflict with the foregoing views, when the fact is kept in mind, that the only default in obtaining proper certification in the case on appeal was chargeable not to appellants but to an erroneous ruling of the trial court.

Another objection of respondents to a hearing on the merits rests upon the claim that appellants have failed to print in their brief portions of the record necessary to be considered by the appellate court on appeal, or sufficient to justify a reversal, citing *Jeffords* v. *Young,* 197 Cal. 224 [239 Pac. 1054], *Filmer* v. *Davis,* 91 Cal. App. 195 [266 Pac. 985], *Keele* v. *Clouser,* 92 Cal. App. 526 [268 Pac. 682], and Code of Civil Procedure, section 953c, requiring the printing by appellants in their brief of such portions of the record as they desire to call to the attention of the court.

There is no quarrel with the foregoing authorities, which correctly state the rule; but they are hardly applicable in this case.

Appellants, in their brief, did quote *verbatim* from the transcript the order of the lower court, that of February 8, 1929, from which they appeal, i. e., denying the change of place of trial. They also set out parts of the affidavits used in evidence by the respondent to retain the place of trial in Shasta County. They stated in narrative form the substance of other affidavits now incorporated in the record, and the narrative is not contradicted nor disputed by respondents as to any matter of form or substance. The dis-

pute is only as to the legal effect of the record facts herein. No reporter was present; the showing before the court was entirely documentary, and the statement, certified as true and correct by the judge, became a portion of the judgment-roll, and may be considered on appeal in lieu of the bill of exceptions. (Sec. 953a, Code Civ. Proc.)

Respondents in their reply brief set out in the appendix their counter motion to retain the cause in Shasta County, together with the affidavits in support of their motion. Under these conditions, we have felt it our duty to consider this appeal upon the merits.

### The Merits.

The defendant Berry's motion for a change of venue on the ground that he and his co-defendants are all residents of the city and county of San Francisco and are not now and never have been residents of Shasta County, where the action was commenced, should have been granted. The respondents, in response to the application and demand of the defendant Berry for a change of the place of trial, contend that since the commencement of the action Berry had been adjudicated a bankrupt in the United States District Court, Northern District of California, that said Berry had made application for his final discharge, and no longer has any personal interest in the outcome of the action, and that said motion and demand for a change were not in good faith, but merely to bolster up the demand and motions of the other defendants, Lesser and Ballen, for a change of the place of trial.

Respondents do not find fault with the formal showing on behalf of Berry. The latter's notice of motion, demand for change, affidavit of merits, and demurrer to the complaint were in form and substance in acordance with the requirements of the law. It apears that the defendant Berry was a principal in the action on the bond. He was a proper and necessary party under section 383 of the Code of Civil Procedure. When liability is joint all persons upon whom it rests must be united as defendants in an action upon the obligation. This rule is general and applies to undertakings and promises of all descriptions. (Sec. 382, Code Civ. Proc.; 20 Cal. Jur. 502, 503; *Farmers' Exchange Bank* v. *Morse*, 129 Cal. 239 [61 Pac. 1088].) The action did not abate by reason of the insolvency or bankruptcy

of the defendant Berry. (Code Civ. Proc., sec. 385.) The bankruptcy of a party against whom a judgment has been rendered before the taking of the appeal will not prevent the prosecution of the appeal in his name. (*O'Neil* v. *Dougherty*, 46 Cal. 575.)

The respondents in their complaint allege that Berry was insolvent. He was not served with summons until December 7, 1928, while motions upon the question of change of place of trial of his co-defendants, sureties on the bond in question, were pending. On that date, however, he was served with summons, and made his appearance December 17, 1928, by filing his demurrer, and making his demand, etc. His co-defendants, Lesser and Ballen, whose motions for a change of place of trial to the city and county of San Francisco were pending, in addition to their demurrers, had filed answers and amended answers. In opposition to their demands, counter motions of the respondents were presented to retain the cause in Shasta County, based upon the convenience of witnesses.

 As a proper party to the action, Berry is entitled to be heard in whatever defense he may have to defeat the judgment against his sureties, as well as against himself. This is true, notwithstanding his adjudication of bankruptcy. Plaintiffs have not moved to dismiss the action against Berry, have made no request that the trustee in bankruptcy, if any, be substituted in Berry's place as defendant. No order was ever made in the trial court staying proceedings in this action, no *supersedeas* nor stay order ever issued from the United States District Court, so far as the record of this case shows. The statements in the affidavits on file herein concerning his bankruptcy were matters of hearsay and immaterial, as no change in his status as defendant has occurred in this case. He was neither an improper nor unnecessary party, nor merely a nominal party to the action.

The liability of his co-defendants is primarily dependent upon Berry's liability. "The filing of a petition in bankruptcy does not prevent the commencement of an action against the bankrupt." (7 Cor. Jur. 349, and citations, note 74.) "The proper practice appears to be that the application for a stay should be made in the court in which the action is pending, and it should make the necessary order

staying the proceedings." (Id., on pages 349, 350, note 85.) "The statement of defendant's counsel at the trial that the defendant was in bankruptcy cannot operate as a stay of proceedings." (*McGowan* v. *Bowman*, 79 Vt. 295 [64 Atl. 1121].)

Even on this appeal respondents ask affirmation of the order denying Berry's application for a change of place of trial, and they continue to ask personal judgment against him, as well as his co-defendants. Under these circumstances, it appears he is not merely a nominal party. The case of *Donohoe* v. *Wooster*, 163 Cal. 114 [124 Pac. 730], cited by respondents, is not in point. The facts in that case are not at all analogous in any sense to the facts of the case at bar.

"The language of section 395 requires the action to be tried in the county in which the defendants, or some of them, reside, not where they do not reside. The consent of certain defendants not residing in the county where the action is brought could not take away from the defendants who do not reside there the right to have the cause transferred to the county of their residence. To hold otherwise would be a violation of the provisions of section 395.

"The right of a defendant to have an action brought against him tried in the county in which he has residence is an ancient and valuable right, which has always been safeguarded by statute and is supported by a long line of judicial decisions. The right of a plaintiff to have an action tried in another county than that in which the defendant has his residence is exceptional, and, if the plaintiff would claim such right he must bring himself within the terms of the exception. (*Brady* v. *Times-Mirror Co.*, 106 Cal. 56 [39 Pac. 209].)" (*Brown* v. *Happy Valley Fruit Growers*, 206 Cal. 515 [274 Pac. 977, 979].)

The motions for change of place of trial of all three defendants were heard at the same time, and were denied with the one order herein appealed from; and in the same order were included the rulings of the court with reference to plaintiffs' motion to retain the cause in Shasta County on the ground of convenience of witnesses, and the orders striking out certain portions of the answers filed by the two answering defendants, namely, Lesser and Ballen. As Berry's motion was for the benefit of the other defendants as well

as himself, and it must be granted, it will be unnecessary to follow counsel further in their argument as to the rulings of the trial court with reference to the motions of Lesser and Ballen, and the counter motions of respondents on the ground of the convenience of witnesses. Under the authorities cited, these last matters may be considered in the proper county, i. e., the city and county of San Francisco, afer the transfer.

The appellants contend that the answers of Lesser and Ballen were filed merely on account of the then prevailing rule of the Judicial Council requiring the filing of answers at the same time demurrers were interposed to complaints in trial courts, and, that, therefore, the filing of answers under such circumstances should not open the door to plaintiffs to make a counter showing on the ground of convenience of witnesses. This contention may or may not have merit. It is unnecessary now to consider it.

The charge of bad faith against Berry is overborne by his affidavit of merits. That affidavit stands unchallenged and must be accepted as true.

The said order denying the change of place of trial from Shasta County to the city and county of San Francisco is reversed.