[Civ. No. 8874. Second Appellate District, Division Two.—February 28, 1933.]

JOHN C. BROUWER et al., Petitioners, v. SUPERIOR COURT OF LOS ANGELES COUNTY et al., Respondents.

164

George Acret for Petitioners.

Everett W. Mattoon, County Counsel, S. V. O. Prichard, Deputy County Counsel, and Doyle, Clark, Thomas & Johnson for Respondents.

WORKS, P. J.—The petition in the proceeding alleges that petitioners are husband and wife, that R. L. Butcher, incorrectly named as a respondent, was plaintiff in respondent court in an action in which petitioners were defendants, that Sally Williams, also incorrectly named as a respondent, was the assignee from Butcher of a judgment rendered in the action, that E. W. Biscailuz, also improperly named as a respondent, is sheriff, as stated in the title of the proceeding, that Butcher, under three counts on contract, commenced an action against petitioner in respondent court, that on a certain date petitioners filed a petition in bankruptcy in the United States court and were at once, according to law,

adjudicated bankrupts, that Butcher filed claims against petitioners in the bankruptcy matter upon the choses in action involved in the action in which he was plaintiff, they being claims provable against the bankrupts under the law, and received *pro rata* payments thereon arising from a disposition of property of the bankrupts through the bankruptcy proceeding, that thereafter, unbeknown to petitioners, Butcher procured judgment by default against them in the action, that thereafter petitioners made application for discharge in the bankruptcy proceeding, that petitioner Evelyn Brouwer was granted discharge but that the application of petitioner John C. Brouwer was contested by Butcher and that his discharge has not yet been granted, that a hearing on Butcher's contest was set for January 5, 1933, before a referee in bankruptcy, and that the contest is still pending, that after the discharge in bankruptcy of Evelyn Brouwer and pending the bankruptcy proceeding of John C. Brouwer, Butcher procured writ of execution to issue for the enforcement of his default judgment aforesaid, that thereafter petitioners filed in respondent court notice of motion to quash the writ of execution, that while said notices of motion were pending Butcher assigned his judgment to Sally Williams, that thereafter, and prior to the hearing of the notice of motion to quash, Sally Williams procured, in the name of Butcher, issuance of a writ of execution for the enforcement of her judgment and procured an order of sale requiring the sheriff to sell, under the writ, certain livestock, dairy cows and other dairy equipment and supplies, that all of the described property is community property of petitioners and has been acquired by them, and from money earned by them, since they were adjudicated bankrupt, that the sheriff has served garnishment under the writ of execution procured by Sally Williams and thereby has realized more than the sum of $600 belonging to petitioners, that the sheriff has given notice that on a certain date he will sell the dairy property levied upon by him as aforesaid, that petitioners gave notice of motion to quash the writ of execution procured by Sally Williams and to stay permanently execution against them, that at the time set therefor the motions of petitioners to quash and for stay of proceedings came on for hearing before respondent court, that at the hearing petitioners presented affidavits showing the various material

facts above stated, and that respondent court ordered a stay of proceedings under the execution of Sally Williams only until the date set for the hearing by the referee in bankruptcy of the objections to the discharge as a bankrupt of John C. Brouwer, "but that the execution shall not be quashed, nor the property levied upon released therefrom".

Petitioners ask for the writ of prohibition to the end that respondent court may be enjoined from issuing or maintaining writs of execution for the enforcement of the Butcher judgment. Upon presentation of the petition an alternative writ of prohibition issued.

■ The only return made to the writ is by general demurrers to the petition. One of these is presented by Sally Williams, another by counsel who demur on behalf of "the respondents". We shall construe this latter demurrer as applying to all the named respondents except Sally Williams, and we except her because of her separate appearance by other counsel. It is obvious that the demurrers must be sustained as to all the named respondents except respondent court. It has been too often necessary for the courts to say that in such a proceeding as this only the board or tribunal whose exercise of jurisdiction is sought to be stayed is a proper party respondent, and not any of the individuals who aid in the discharge of its functions or who are suitors before it.

■ That as against respondent court petitioners are entitled to relief is almost too plain for argument or discussion. It is contended that the writ will not issue for the reason that respondent court, a state tribunal, may proceed to enforce the judgment mentioned in the petition, by means of execution, unless its activities in that behalf are indirectly halted by injunctive process emanating from the bankruptcy court and directly operating against the parties litigant. Various cases are cited upon this proposition by respondent. Among these are *Williams* v. *Lane,* 158 Cal. 39 [109 Pac. 873] ; *Brazil* v. *Azevedo,* 32 Cal. App. 364 [162 Pac. 1049] ; *Woods* v. *Berry,* 111 Cal. App. 675 [296 Pac. 332] ; *In re William E. De Lany & Co.,* 124 Fed. 280. We need not pause to expound our views as to the effect of these cases under circumstances which might arise from the exercise of the imaginative processes. They have no application here for reasons which are both apparent and real. ■ A

bankruptcy court has no interest in nor jurisdiction over any fund or property of one who has filed a bankruptcy petition except that which was his at the time when the petition was filed. In other words, such a court is interested only in the assets listed by a bankrupt in his schedules, or which he should have listed in them but has omitted. It is those assets, and those only, which the court is charged with the duty of assembling, protecting and subjecting to the payment of the provable debts of the bankrupt. These remarks become most pertinent when it is remembered that in the petition before us it is alleged that the property seized under the execution in question was acquired by petitioners after their adjudication in bankruptcy and by means of money earned after the adjudication. Under these circumstances a citizen situated as are petitioners has the right to look to the courts of his state for the protection of his rights of property, there being no other forum to which he may appeal for relief.

The effect of an adjudication in bankruptcy upon one having provable claims against the bankrupt, when he attempts to enforce his claims, pending the bankruptcy proceedings, *against property honestly acquired after the adjudication* by the bankrupt is too well known to require exposition here. The effect of a discharge in bankruptcy, as to the same matters, is more potent and permanent. Evelyn Brouwer has been discharged as a bankrupt. Her discharge is in effect a judgment to which the courts of this state must give full faith and credit. She is therefore entitled to be relieved of harassment, so far as her interest in the property here in question is concerned, under the judgment mentioned in the petition. As to John C. Brouwer a different order must be made. He has not yet received his discharge and he may never receive it. His adjudication in bankruptcy, however, affords him temporarily, at least, the same protection as that to which his wife is entitled permanently. Whether his relief, indeed, shall in the end be temporary or permanent depends upon the final issue of the contest now pending before the referee in bankruptcy. If his discharge shall be granted he will be in the same position as that now occupied by Mrs. Brouwer. If it shall be denied, the owner of the Butcher judgment may enforce

168

execution against his interest in the property now wrongfully in the possession of the sheriff.

█ Respondent contends that the remedy by prohibition is not proper under the facts shown by the petition. It may not be. Certainly, as it seems to us, the situation may be dealt with more handily by means of the writ of mandate, and under the law we have jurisdiction to order either the one or the other.

The demurrer is sustained as to all respondents other than respondent court, and as to the latter it is overruled. A. peremptory writ of mandate will issue requiring respondent court to quash the executions mentioned in the petition, to order the sheriff to deliver to petitioners the property held by him pursuant to the executions, to desist permanently from all attempt to enforce the Butcher judgment against petitioner Evelyn Brouwer, and to desist from all attempt to enforce the same against petitioner John C. Brouwer until he is finally either granted or denied a discharge as a bankrupt in the bankruptcy proceeding now pending, and until the proper presentation of proof of such final grant or denial to respondent court.

Craig, J., and Stephens, J., concurred.

A petition by respondents to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on April 28, 1933.