Filed 4/29/15

CERTIFIED FOR PUBLICATION

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| CHOLAKIAN & ASSOCIATES et al., | C076759 |
| Petitioners, | (Super. Ct. No. 34-2014-00157913-CU-IC-GDS) |
| v. | |
| THE SUPERIOR COURT OF SACRAMENTO COUNTY, | |
| Respondent; | |
| ELAINE MCDONOLD et al., | |
| Real Parties in Interest. | |

1

ORIGINAL PROCEEDING in mandate.  Robert C. Hight, Judge.  Petition granted with directions.

Hinshaw & Culbertson, Edward F. Donohoe, Kendra L. Basner and Jared W. Matheson for Petitioners.

No appearance for Respondent.

Dreyer Babich Buccola Wood Campora, Robert A. Buccola and Steven M. Campora for Real Parties in Interest.

Under Code of Civil Procedure section 396b, subdivision (a),[1] where an action has been filed in the "wrong venue," a defendant may move to transfer the case to the "proper court for the trial thereof."  In such a case, "if an answer is filed," the court may consider opposition to the motion to transfer and may retain the action in the county where filed to promote the convenience of witnesses or the ends of justice.  (§ 396b, subd. (d).)  The question in this case is whether, in a multi-defendant case, an answer must be filed by *all* defendants before the court may consider opposition to the motion to transfer venue.  We conclude the answer is yes.  In this case, the trial court considered opposition to the motion before all defendants had answered the complaint.  Accordingly, we issue a preemptory writ of mandate directing the trial court to vacate its order denying the motion to transfer and to issue a new order granting the motion.

**BACKGROUND**

*The Underlying Action*

In 2010, Debra Hackett was seriously injured in an accident in Sacramento County in which a tractor and trailer owned by Silva Trucking, Inc. and driven by Elaine McDonold jackknifed and collided with the vehicle being driven by Hackett.

---

[1]  Further undesignated statutory references are to the Code of Civil Procedure.

Silva Trucking was insured by Carolina Casualty Insurance Company (CCIC), who retained the law firm Cholakian & Associates to provide a defense. Silva Trucking had an excess liability insurance policy with Lexington Insurance Company (LIC), who retained the law firm Lewis, Brisbois, Bisgaard & Smith, LLP (Lewis Brisbois) as counsel.

Prior to filing suit, Hackett and her husband William made a settlement demand of $5,000,000, the policy limits. The demand was not accepted.

In 2012, the Hacketts filed a personal injury action in Sacramento County against Silva Trucking and McDonold. The jury awarded the Hacketts $34.9 million in damages.

*The Current Action*

In 2014, Silva Trucking and McDonold brought suit in Sacramento County against LIC, CCIC, Cholakian & Associates and individual attorneys Kevin Cholakian and Jennifer Kung (collectively Cholakian), and Lewis Brisbois and individual attorney Ralph Zappala (collectively Lewis Brisbois). As to LIC and CCIC, the complaint alleged bad faith and breach of contract. As to the law firms and attorneys, the complaint alleged legal malpractice. The gravamen of the complaint was that the insurers unreasonably refused to accept the policy limit demand when the insured's liability was clear and damages were known to be in excess of the policy limit. The attorneys failed to advise their insurer clients to accept the demand and the consequences of failing to do so, and failed to advise Silva Trucking and McDonold of their need for personal counsel.

LIC and CCIC responded with demurrers. Lewis Brisbois answered with a general denial and asserted 22 affirmative defenses.

*Motion to Transfer Venue*

Cholakian moved to transfer venue to San Mateo County, and requested attorney fees and costs. The motion was made on the ground that Sacramento County was not a proper venue because no individual defendant resided there and no corporate defendant had its principal place of business there. Cholakian presented supporting declarations by

3

the individual attorneys attesting to their county of residence and their firm's principal place of business. San Mateo was the residence of Kevin Cholakian and the principal place of business of Cholakian & Associates.

Silva Trucking and McDonold opposed the motion. They first argued that venue was proper in Sacramento County under the special contract rule of section 395, subdivision (a), because Cholakian's letter of retention was a special contract with an obligation to perform the contract in Sacramento County. They further argued that the case should stay in Sacramento County based on the convenience of witnesses and because answers had been filed.[2] They provided numerous declarations from people they identified as likely witnesses, attesting that Sacramento County was more convenient than San Mateo County for trial.

The trial court found venue was not proper in Sacramento County as to the professional negligence cause of action, rejecting the argument that the retention letter constituted a special contract. However, the court found persuasive the opposition to the motion to transfer based on convenience of witnesses, and denied the motion to transfer venue to San Mateo County.

Cholakian petitioned this court for a writ of mandate directing the trial court to vacate its order denying the motion to transfer venue and to enter a new order granting the motion. We issued an alternative writ of mandate.

## DISCUSSION

### I

### *Rules of Venue*

"Venue is determined based on the complaint on file at the time the motion to change venue is made. [Citations.]" (*Brown v. Superior Court* (1984) 37 Cal.3d 477,

---

[2] LIC filed an answer shortly after this opposition was filed.

4

482 (*Brown*).) "For venue purposes, actions are classified as local or transitory. To determine whether an action is local or transitory, the court looks to the 'main relief' sought. Where the main relief sought is personal, the action is transitory. Where the main relief relates to rights in real property, the action is local. [Citation.]" (*Ibid.*, fn. 5.) Here the action sought damages for bad faith, breach of contract, and legal malpractice. The relief sought is personal, not related to real property, and thus the action is transitory. (See *Peiser v. Mettler* (1958) 50 Cal.2d 594, 601-602 [cause of action for damages for breach of contract is clearly a transitory cause of action].)

Ordinarily, the proper county for trial of a transitory action is the county in which the defendants or some of them reside. (§ 395.) "It is well established that a defendant is entitled to have an action tried in the county of his or her residence unless the action falls within some exception to the general venue rule. [Citations.]" (*Brown, supra,* 37 Cal.3d at p. 483.) In this writ proceeding, Silva Trucking and McDonold have abandoned their argument that the "special contract" exception applies. They rely solely on section 396b.

Where the action is commenced in the wrong venue, that section permits a defendant to move to transfer the action to the proper court. This motion must be made at or before the time the defendant answers, demurs, or moves to strike. (§ 396b, subd. (a).) "In any case, if an answer is filed, the court may consider opposition to the motion to transfer, if any, and may retain the action in the county where commenced if it appears that the convenience of the witnesses or the ends of justice will thereby be promoted." (*Id.*, subd. (d).)

"The court will not entertain a motion for change of venue on the ground of convenience of witnesses when the defendant has not filed an answer, for the reason that until the issues are joined the court cannot determine what testimony will be material. [Citations.] For the same reason, a motion for change of venue cannot be defeated on the ground of convenience of witnesses until an answer is filed." (*Johnson v. Superior Court* (1965) 232 Cal.App.2d 212, 214.)

5

"A party aggrieved by an order granting or denying a motion to change the place of trial may petition this court for a writ of mandate requiring trial of the matter in the proper court. [Citations.] An appellate court reviews such an order under the abuse of discretion standard. [Citation.] A trial court abuses its discretion when venue is mandatory in a county other than the county where the action has been brought. [Citation.]" (*State Bd. of Equalization v. Superior Court* (2006) 138 Cal.App.4th 951, 954, fn. omitted.)

## II

### *Petitioners' Contention and Rules of Statutory Construction*

Cholakian contends venue in Sacramento County was improper and transfer to San Mateo County was mandatory. He argues that because he had not yet filed an answer, the court's consideration of the opposition was premature. Cholakian relies on an encyclopedia entry: "[W]here there are several proper and necessary defendants, all of them must have filed answers before the plaintiff's countermotion will be entertained." (61 Cal.Jur.3d (2012) Venue, § 105, p. 498, citing *Woods v. Berry* (1931) 111 Cal.App. 675 (*Woods*).)

To determine whether the encyclopedia correctly states the rule requires interpretation of section 396b, subdivision (d). The interpretation of a statute presents a question of law, which we review de novo. (*Apartment Assn. of Los Angeles County, Inc. v. City of Los Angeles* (2009) 173 Cal.App.4th 13, 21.)

The rules of statutory construction are well settled. "Our fundamental task in construing a statute is to ascertain the intent of the lawmakers so as to effectuate the purpose of the statute. [Citation.] We begin by examining the statutory language, giving the words their usual and ordinary meaning. [Citation.] If there is no ambiguity, then we presume the lawmakers meant what they said, and the plain meaning of the language governs. [Citations.] If, however, the statutory terms are ambiguous, then we may resort to extrinsic sources, including the ostensible objects to be achieved and the legislative

6

history. [Citation.] In such circumstances, we ' "select the construction that comports most closely with the apparent intent of the Legislature, with a view to promoting rather than defeating the general purpose of the statute, and avoid an interpretation that would lead to absurd consequences." [Citation.]' [Citations.]" (*Day v. City of Fontana* (2001) 25 Cal.4th 268, 272.)

III

*Analysis*

Silva Trucking and McDonold contend the "the plain language of the statute" refutes Cholakian's contention that *all* defendants must file an answer before the trial court may consider the convenience of witnesses in opposition to a motion to transfer venue, providing instead that only a single defendant need answer in a multiple defendant case. They rely on section 396b, subdivision (d)'s provision that "if an answer is filed," the court may consider opposition to the transfer motion. They argue that "an answer" requires only one. Since Lewis Brisbois, and subsequently LIC, filed an answer, Silva Trucking and McDonold assert the trial court properly considered the convenience of witnesses in denying the motion to transfer venue.

We reject this "plain meaning" argument. To the extent that the argument is based on the use of the seemingly singular classification of the term "an answer," in interpreting the Code of Civil Procedure, "the singular number includes the plural."[3] (§ 17, subd. (a); see also *Morgan v. Imperial Irrigation District* (2014) 223 Cal.App.4th 892, 907 ["under the general rules of statutory construction, the use of a word in the singular form is interchangeable with the use of the word in the plural form"].) To the extent the argument is based on the use of the indefinite article "an," we observe that in these cases courts reverse the usual presumption favoring plain meaning, "and typically find that a

---

[3] Appellate counsel for Cholakian surprised us at oral argument by appearing not only to be unfamiliar with this general rule of interpretation, but also to argue against it.

7

term introduced by 'a' or 'an' applies to multiple subjects or objects, absent a contrary intent." (Singer & Singer, 2A Sutherland Statutes and Statutory Construction (7th ed. 2014) § 47:34, p. 507.)

Thus, in a case with multiple defendants, the statute may properly be read to say, "if answers are filed." This reading suggests that *all* defendants' answers must be filed prior to considering any opposition. At a minimum, the disputed meaning is ambiguous. In determining the meaning of the ambiguous statute, we look to the purpose of the statute and the "ostensible objects to be achieved." (*Day v. City of Fontana, supra,* 25 Cal.4th at p. 272.)

We first consider the reason for the requirement that an answer be filed prior to consideration of opposition to transfer based on witness convenience. As discussed, an answer must be filed to settle the issues and permit the trial court to determine what testimony (and thus what witnesses) are material. (*Johnson v. Superior Court, supra,* 232 Cal.App.2d at p. 214.) "When in opposition to a motion for a change to the residence of defendant the convenience of witnesses is alleged, and requires that an action be tried in the county where it was brought, the place of trial will not ordinarily be changed. This rule, however, is subject to the exception that, unless answer has been filed at the time the demand for change of venue is made, a counter-motion to retain the case on such ground will not lie, for the *obvious reason* that until the issues are settled the court cannot determine what testimony will be material. [Citations.]" (*Gordon v. Perkins* (1928) 203 Cal. 183, 185, italics added.)

This reason for requiring an answer on file can be fulfilled only by requiring answers from *all* defendants so that all issues are settled. Although Silva Trucking and McDonold argue that *here* the issues can be determined by the answers that have already been filed, we interpret the statute as it must apply in all cases. (See Cal. Const., art. IV, § 16, subd. (a) ["[a]ll laws of a general nature have uniform operation"].) It is not difficult to foresee a case where a particular defendant's answer raises new and different

8

issues from another defendant's answer, necessitating new and different witnesses, such as by raising a particular affirmative defense. Further, where, as here, some defendants have demurred, resolution of the demurrers may change the matters at issue and the material witnesses whose convenience should be considered in opposition to transfer.

Second, we consider the long-standing policy of law favoring and safeguarding a defendant's right to defend in his county of residence and construe section 369b in light of that policy. "The right of a defendant to have an action brought against him tried in the county in which he has his residence is an ancient and valuable right, which has always been safeguarded by statute and is supported by a long line of judicial decisions. 'The right of a plaintiff to have an action tried in another county than that in which the defendant has his residence is exceptional, and, if the plaintiff would claim such right, he must bring himself within the terms of the exception.' [Citation.]" (*Brown v. Happy Valley Fruit Growers* (1929) 206 Cal. 515, 521-522 (*Happy Valley*).) "[I]t has been declared to be the policy of the law jealously to guard the right of the defendant to have a trial in the county where he resides . . . ." (*Neet v. Holmes* (1942) 19 Cal.2d 605, 612.) "Because the law favors the right of trial at the defendant's residence, a plaintiff who lays venue elsewhere must be able to show the action is either local or is a transitory action triable outside the county of the defendant's residence. [Citations.]" (*Lebastchi v. Superior Court* (1995) 33 Cal.App.4th 1465, 1469.)

This right is personal to each defendant and cannot be waived by another defendant. " 'The language of section 395 requires the action to be tried in the county in which the defendants, or some of them, reside, not where they do not reside. *The consent of certain defendants not residing in the county where the action is brought could not take away from the defendants who do not reside there the right to have the cause transferred to the county of their residence*. To hold otherwise would be a violation of the provisions of section 395.' " (*Happy Valley, supra,* 206 Cal. at p. 521, quoting *Wood, Curtis & Co. v. Herman Min. Co.* (1903) 139 Cal. 713, 716, italics added.) Because the

9

right of *each* defendant to defend in its own county cannot be forfeited by the actions of *other* defendants, the answers of *other* defendants cannot take the place of each defendant's *own* answer, necessary to permit consideration of opposition to that same defendant's motion to transfer venue.

Thus both the purpose of section 396b, subdivision (d) and the policy relating to venue favor interpreting that subdivision to require answers of all proper defendants be filed before an opposition to a motion to transfer to a correct court will be considered on the basis of convenience of witnesses or the ends of justice.[4]

Silva Trucking and McDonold contend no statute or case law supports this interpretation. They contend the *Woods* case, decided two years before section 396b was enacted, explicitly declined to address the issue of whether all defendants' answers had to be filed in order to consider opposition. Further, they assert--erroneously--that in *Woods* all defendants had filed answers.

In *Woods, supra,* 111 Cal.App. 675, an action was filed in Shasta County. Three defendants, all San Francisco residents, separately moved to transfer venue to San Francisco. All defendants had demurred and two had filed answers; the third, Berry, had not. Plaintiff filed a counter motion to retain venue in Shasta County based on convenience of witnesses. (*Id*. at p. 681.) This court found Berry's motion for transfer should have been granted, despite his bankruptcy. (*Id*. at p. 680.) In support of our reasoning, we quoted at length from *Happy Valley*, as we have done *ante.* (*Id*. at p. 682.)

The *Woods* court declined to consider the transfer motions filed by the two answering defendants. (*Woods, supra,* 111 Cal.App. at p. 683.) Nor did it address the

---

[4] Answers are required from only proper defendants because only proper defendants are considered in determining venue. "If any person is improperly joined as a defendant or has been made a defendant solely for the purpose of having the action tried in the superior court in the county where he or she resides, his or her residence shall not be considered in determining the proper place for the trial of the action." (§ 395, subd. (a).)

10

argument that the answers of these defendants were filed only to follow the then prevailing rule requiring an answer at the same time as the demurrer, so the answers should not open the door to a counter motion based on the convenience of witnesses. (*Ibid.*) Silva Trucking and McDonold cite to this portion of *Woods* in asserting that *Woods* did not address the issue before this court.

*Woods* does, however, support our current and continuing interpretation of section 396b. In *Woods*, we held the motion to transfer by defendant Berry, who had not filed an answer, should have been granted, notwithstanding the counter motion by plaintiffs. (*Woods, supra,* 111 Cal.App. at p. 681.) That is the same result we reach here. We recognize that the *Woods* decision predated section 396b, but it reflects the strong and continuing policy favoring trial in the county of defendant's residence.

Silva Trucking and McDonold contend that judicial economy and the policy to eliminate delay in the trial courts (see Gov. Code, §§ 68600 et seq.) are best served by permitting a trial court to consider the convenience of witnesses before all answers are filed. But that is not always the situation. As discussed, we can easily imagine multiple defendant cases where a late answering defendant's answer changes the calculus as to what county is the most convenient for witnesses. Further, the potential for a retransfer pursuant to section 397 appears to have been contemplated. "After the answer is filed, plaintiff may move for retransfer to the original court for the convenience of witnesses and the ends of justice. [Citation.]" (*Scribner v. Superior Court* (1971) 19 Cal.App.3d 764, 766.)

Further, these general policies do not trump the language of the statute--which may be read to require "answers,"--the reason for the answer requirement, and the policy specific to venue. We note that nothing in the law provides for venue to be determined at the commencement of the action based on the convenience of plaintiff's witnesses. Plaintiff can control the number of transfers by following the venue rules. "If a plaintiff has failed to heed the venue rules above, and the defendant makes timely objection, the

11

court *must* order the action transferred to any 'proper' county requested by defendant. (This is true even if grounds exist for retransferring the action back to the county where filed, on the grounds of 'convenience of witnesses' . . . )"  (Weil & Brown, Cal. Practice Guide: Civil Procedure Before Trial (The Rutter Group 2014) ¶ 3:551, pp. 3-134 to 3-135.)

## DISPOSITION

Cholakian's petition for a writ of mandate is granted.  Let a preemptory writ of mandate issue directing the trial court to: (1) vacate its order denying Cholakian's motion to transfer venue to San Mateo County; and (2) enter a new and different order granting that motion.  Cholakian shall recover costs on appeal.  (Cal. Rules of Court, rule 8.493(a)(1)(A).)


          DUARTE          , J.


We concur:


      NICHOLSON      , Acting P. J.


      MAURO         , J.

12