Filed 2/25/16  Jamulians Against the Casino v. Wildlife Conservation Board CA3

# NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## THIRD APPELLATE DISTRICT

### (Sacramento)

----

| | |
|---|---|
| JAMULIANS AGAINST THE CASINO, | C078024 |
| Plaintiff and Appellant, | (Super. Ct. No. 34-2014-80001894-CU-WM-GDS) |
| v. | |
| WILDLIFE CONSERVATION BOARD et al., | |
| Defendants and Respondents; | |
| JAMUL INDIAN VILLAGE, | |
| Real Party in Interest and Respondent. | |

Plaintiff and appellant Jamulians Against the Casino (JAC) appeals from the trial court's judgment of dismissal, contending the trial court erred in dismissing the original petition based on its finding that Jamul Indian Village (JIV) was an indispensable party despite JAC's prejudgment filing of an amended petition naming additional parties that allegedly rendered JIV a dispensable party.  JAC further contends the trial court's finding

1

that JIV was an indispensable party was not supported by substantial evidence, and was erroneous because the trial court failed to consider the public rights exception to the indispensable party requirement. Because we agree the trial court erred by entering its judgment of dismissal based on the original petition following JAC's filing of its amended petition, we will reverse the judgment and vacate the trial court's order granting JIV's hybrid motion to quash/dismiss.

## FACTUAL AND PROCEDURAL BACKGROUND

JAC filed a verified petition for writ of mandate and complaint for declaratory and injunctive relief against the Wildlife Conservation Board (WCB) and the Department of Fish and Wildlife (DFW), naming JIV as a real party in interest. The petition alleged WCB, on behalf of DFW, had improperly granted an easement on the Rancho Jamul Ecological Reserve to JIV to facilitate construction of a casino in contravention of the California Environmental Quality Act (CEQA) (Pub. Resources Code, § 21000 et seq.) and the Fish and Game Code. The relief sought includes vacation of the easement, a declaration that the easement is unlawful, and an injunction preventing implementation of the easement until WCB and DFW have complied with CEQA.

JIV moved to quash service of summons and to dismiss JAC's petition and complaint on the grounds that JIV possesses sovereign immunity and is an indispensable party pursuant to Code of Civil Procedure section 389.[1] The trial court issued a tentative ruling finding it was undisputed that JIV is a sovereign entity not subject to suit without its consent, that it had not consented to be sued, and that it was a necessary party because it had an interest in the easement that was the subject matter of the petition, and it may not be able to protect its interest in that easement and its associated construction plans if the action proceeded in its absence. The trial court tentatively ruled further that JIV was

---

[1] Undesignated statutory references are to the Code of Civil Procedure.

an indispensable party because a judgment in its absence would be "very prejudicial" to it; it did not appear that prejudice could be lessened or avoided if the matter proceeded in the absence of JIV; and the purpose of the sought relief—i.e., ceasing construction activity—would not be accomplished without JIV's participation, even though JAC would not have alternative remedies if the case were dismissed. Thus, the trial court tentatively ruled that it would dismiss the matter with prejudice.

At the hearing on JIV's motion to quash/dismiss, JAC argued there was no indication JIV would be prejudiced because it may not have to remove construction already completed, JIV's interests would be protected because WCB and DFW would vigorously oppose the action, and JIV is not necessary to determining whether the agencies should have complied with CEQA. JAC also argued JIV's status as a sovereign entity should not trump the public's right to ensure enforcement of state laws, requested the trial court to address the public rights exception to the indispensable party rule, challenged JIV's status as a sovereign entity under federal law, and, finally, asserted that it may seek leave of the court to name as "Doe" real parties in interest tribal officials or employees subject to the jurisdiction of the court.

At the conclusion of its hearing on the motion, the trial court took the matter under submission. Later that day, the trial court issued its minute order substantially affirming its tentative ruling, and directing the responding party to prepare an order. Thereafter, JAC filed an amended petition, in which it substituted several members of the executive council of JIV as real parties in interest for formerly named Doe real parties in interest. Then, more than a week *after* JAC's amended petition was filed, the trial court entered an order granting JIV's motion to quash and dismiss, in which it incorporated its earlier minute order. In light of that order, it also entered a judgment dismissing the action with prejudice as to all parties.

**DISCUSSION**

JAC contends the trial court lacked jurisdiction to dismiss its original petition because before the trial court issued its order dismissing the petition and judgment of dismissal, JAC had properly filed an amended petition pursuant to section 472.**2** JIV argues the amended petition was not properly filed because its hybrid motion to quash/dismiss**3** was the functional equivalent of a demurrer for purposes of section 472, thereby preventing JAC from filing an amended petition without court approval once the trial court heard its motion. WCB and DFW agree with JIV and also argue that by failing to object to the form of the proposed order granting JIV's motion to dismiss and proposed judgment of dismissal, JAC forfeited the contention that the filing of its amended petition mooted the trial court's order and judgment, and further that JAC's amended petition substituting members of JIV's executive council for Doe real parties in interest was a "sham." We conclude JAC has not forfeited the contention, and its amended petition, if properly filed, did moot JIV's hybrid motion to quash/dismiss. Therefore, the trial court erred in granting JIV's hybrid motion to quash/dismiss and entering judgment of dismissal, without considering whether JAC's amended petition was properly filed.

We first address whether JAC's contention is properly before us. WCB and DFW contend that by failing to object to the form of the proposed order and judgment, JAC has forfeited the contention that the trial court could not rule on JIV's motion because of the intermittent filing of JIV's amended petition. California Rules of Court, rule 3.1312(a)

---

**2** All references to section 472 are to the former version prior to January 1, 2016, when the section was rewritten but not substantially altered as relevant here. (Former § 472, as amended by Stats. 1983, ch. 142, § 4, p. 334.)

**3** A hybrid motion to quash/dismiss is a court-authorized mechanism by which an Indian tribe claiming sovereign immunity may challenge a Court's jurisdiction without making a general appearance. (*Boisclair v. Superior Court* (1990) 51 Cal.3d 1140, 1144, fn. 1; *Great Western Casinos, Inc. v. Morongo Band of Mission Indians* (1999) 74 Cal.App.4th 1407, 1416-1417.)

4

provides that, unless the court orders otherwise, the prevailing party on a motion must serve on the other parties a "proposed order for approval as conforming to the court's order." Failure to notify a prevailing party of any reasons for disapproval is deemed approval of the proposed order by the opposing party. (*Ibid.*) By failing to object pursuant to rule 3.1312, the only argument JAC even potentially forfeited was that the proposed order did not conform to the trial court's minute order. JAC has not forfeited the contention it now brings before us—whether the motion on which the trial court ruled had been rendered moot by JAC's amended petition.

Where an amended pleading has been filed properly, it supersedes the original pleading, which in turn ceases to serve any pleading function. (*JKC3H8 v. Colton* (2013) 221 Cal.App.4th 468, 477.) Moreover, the filing of an amended pleading moots any motion directed at a prior pleading. (*Ibid.*) For instance, where a demurrer has been filed, the proper filing of an amended complaint moots the demurrer. (*Ibid.*) So too, does the filing of an amended complaint moot a motion for summary adjudication targeted at the supplanted complaint. (*Ibid.*) Even an anti-SLAPP motion is mooted by the filing of an amended pleading, unless the pleading party has filed an amended pleading "to subvert or avoid a ruling on an anti-SLAPP motion . . . ." (*Id.* at pp. 477-478.)[4]

---

[4] When a cause of action is dismissed pursuant to an anti-SLAPP motion, the plaintiff may not amend his complaint to more artfully plead the cause of action because this would undermine the quick dismissal remedy afforded by section 425.16. (*Salma v. Capon* (2008) 161 Cal.App.4th 1275, 1293-1294.) It is because of this statutorily afforded quick dismissal remedy that an anti-SLAPP motion is readily distinguishable from a demurrer or a motion to strike, for which leave to amend is readily afforded, and which are mooted by the filing of an amended pleading. (*Simmons v. Allstate Ins. Co.* (2001) 92 Cal.App.4th 1068, 1073-1074.) Similarly here, a dismissal based on an indispensable party finding is to be made "*without prejudice*." (§ 389, subd. (b), italics added.)

An amended pleading may be filed with leave of court at any time. (§ 473.) Or, pursuant to section 472, "at any time before the answer or demurrer is filed, or after demurrer and before the trial of the issue of law thereon, by filing the same as amended and serving a copy on the adverse party, and the time in which the adverse party must respond thereto shall be computed from the date of notice of the amendment." Section 472 has been interpreted to mean that "a plaintiff has a right to amend his or her pleading at any time before a responsive pleading is filed and even after a responsive pleading is filed up to the time of the hearing on the demurrer." (*Barton v. Khan* (2007) 157 Cal.App.4th 1216, 1221.) If we were to accept the contention of JIV, DFW, and WCB that JIV's hybrid motion to quash/dismiss is such a responsive pleading for purposes of section 472, JAC's amended petition would *not* be timely filed because it was filed after the trial court heard JIV's motion.[5]

Thus, we turn to the interpretation of section 472. "The rules governing statutory construction are well established. Our objective is to ascertain and effectuate legislative intent." (*City of Huntington Beach v. Board of Administration* (1992) 4 Cal.4th 462, 468.) In determining legislative intent, we look to the language itself first. (*Mejia v. Reed* (2003) 31 Cal.4th 657, 663.) Where " 'the language is clear and unambiguous there is no need for construction, nor is it necessary to resort to indicia of the intent of the Legislature.' " (*City of Cerritos v. State of California* (2015) 239 Cal.App.4th 1020, 1034.) Indeed, where the language is not ambiguous, " 'we presume the lawmakers meant what they said, and the plain meaning of the language governs.' " (*Cholakian & Associates v. Superior Court* (2015) 236 Cal.App.4th 361, 369.) Nor may we add to or rewrite a statute to conform to some assumed legislative intent that is not apparent from

---

[5] The same is true under current section 472, which would have required the amended pleading to have been filed even earlier—by the date for filing an opposition to the motion challenging the pleading. (§ 472, as amended by Stats. 2015, ch. 418, § 2, eff. Jan. 1, 2016.)

the statute's language. (*Professional Engineers in California Government v. Kempton* (2007) 40 Cal.4th 1016, 1037.)

JIV, DFW, and WCB seek an expansive reading of section 472 to include not only a demurrer and answer, but also a motion that serves as the *functional equivalent* of a demurrer. But, the Legislature did not deign to condition a party's ability to file an amended pleading without court approval on the filing of *any* dispositive motion or responsive pleading, or on the filing of a demurrer-like motion; the crucial moment in time selected by the Legislature was the filing of an "answer or demurrer." (§ 472.) We acknowledge that a challenge to subject matter jurisdiction, as was raised by JIV in its motion, may also be raised in a demurrer. (§ 430.10, subd. (a).) However, that does not mean that JIV's hybrid motion to quash/dismiss may be classified as a demurrer.

Indeed, the two procedural vehicles display a number of significant differences. For one, a hybrid motion to quash/dismiss is a special appearance challenging a court's jurisdiction, both potentially personal and subject matter jurisdiction. (*Great Western Casinos, Inc. v. Morongo Band of Mission Indians*, *supra*, 74 Cal.App.4th at pp. 1416-1418.) Additionally, in determining whether to grant a hybrid motion to quash/dismiss, a trial court is not limited to the face of the pleadings, but may consider all admissible evidence available at the time of its determination, regardless of the procedural posture of the case. (*Id.* at p. 1418.) Further, when a demurrer is sustained, the court is generally encouraged to grant the pleading party leave to amend the challenged pleading. (See *Small v. Fritz Companies, Inc.* (2003) 30 Cal.4th 167, 211 (conc. & dis. opn. of Brown, J.) [it is generally an abuse of discretion to sustain a demurrer without leave to amend if there is any reasonable possibility the defect can be cured by amendment].) For these reasons, it is crucial to a party filing a hybrid motion to quash/dismiss that it is not a demurrer. So, we will not make it the equivalent of a demurrer, even for purposes of section 472 alone.

7

JIV did not file an answer, demurrer, or other responsive pleading, nor was it required to do so.[6] JIV properly filed a hybrid motion to quash/dismiss, and it is entitled to a determination of the trial court as to the claims raised in that motion. However, because the motion was rendered moot by the filing of the amended petition, it is not entitled to a decision on the motion with respect to the superseded petition.[7] On remand, there is nothing to preclude JIV from filing a motion challenging JAC's amended petition, or to prevent WCB or DFW from challenging JAC's amended petition as a "sham" Doe amendment. However, we do not decide the propriety of the amendment.[8]

---

[6] We reject JIV's contention that its hybrid motion to quash/dismiss is a responsive pleading pursuant to section 418.10. Section 418.10 provides that a motion to quash or to stay or dismiss an action extends a defendant's time to file a responsive pleading, and permits a party to move pursuant to section 418.10 simultaneous to a responsive pleading, i.e., an answer, a demurrer, or a motion to strike. It does not provide that a motion made pursuant to section 418.10 *is* a responsive pleading. In civil actions, allowable pleadings include complaints, demurrers, answers, and cross-complaints. (§ 422.10.)

[7] Had JAC's amended petition been filed before the trial court heard JIV's motion, there is little doubt the hearing would have had to be vacated as moot. But here, the amended petition was filed *after* the trial court conducted its hearing and issued its minute order, and before it entered its final order on the motion. This unusual timing does not alter our analysis.

[8] The parties appear to agree that we can address the propriety of JAC's Doe amendment on appeal, though it was not raised in the trial court, because it presents a "pure question of law." Generally, issues not raised in the trial court are forfeited and may not be raised on appeal, but where the facts are undisputed and where important public policy questions are raised, penal statutes are involved, or error affects the validity of a judgment, the court of appeal may exercise its discretion to reach the issue. (*D.M. v. Department of Justice* (2012) 209 Cal.App.4th 1439, 1447; *Santillan v. Roman Catholic Bishop of Fresno* (2008) 163 Cal.App.4th 4, 12, fn. 10.) We decline to do so here, where there does not appear to have been a forfeiture because the trial court entered its order and judgment *after* the Doe amendment was filed and without the amendment having been challenged by any party.

Rather, we limit our inquiry to consider whether the trial court erred in ruling on JIV's hybrid motion to quash/dismiss and in dismissing the action because JAC filed an amended petition before that order and judgment were entered. As JIV had filed neither an answer nor a demurrer, JAC could file an amended petition pursuant to section 472. If JAC's amended petition was properly filed, i.e., was a proper Doe substitution, which we assume for purposes of our inquiry but do not decide, it was error for the trial court to enter its order granting JIV's hybrid motion to quash/dismiss that was based on JAC's original petition, and to accordingly enter a judgment of dismissal.

## DISPOSITION

The judgment is reversed and the trial court's order granting JIV's hybrid motion to quash/dismiss is vacated as moot. JAC is entitled to its costs on appeal. (Cal. Rules of Court, rule 8.278(a)(1), (2).)


        BUTZ        , J.


We concur:


      HULL       , Acting P. J.


      DUARTE     , J.